IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mapquest, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08 CV 1732 |
| v. | ) | |
| | ) | Judge David H. Coar |
| CIVIX-DDI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MOTION FOR L.R. 26.2 RESTRICTING ORDER</u>**

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 26(c) and L.R. 26.2 , the defendant CIVIX-DDI, LLC ("CIVIX") hereby moves for the entry of a order finding that good cause exists for restricting access to certain portions of the complaint filed in this case and all of Exhibit A to the complaint.

Prior to filing this motion, Greg Casimer, counsel for CIVIX, conferred with John Leja, counsel for Mapquest, by telephone on Friday, March 28, 2008. In response to CIVIX's proposed relief, Mapquest indicated that it neither supports nor opposes CIVIX's motion.

In support of its motion, CIVIX states the following:

1.      The complaint in this case was filed under seal by CIVIX on March 25, 2008, pursuant to L.R. 5.7.

2.      The complaint, which had been previously filed by Mapquest in the Circuit Court of Cook County Illinois, had been subject to an order obtained by Mapquest that the document in its entirety be sealed. (See Ex. B to CIVIX's Notice of Removal; Docket No. 1).

3.      The complaint and Exhibit A, as filed by CIVIX in this court, contains sensitive commercial information of CIVIX's which is not generally known to the public. That information is

protected by non-disclosure terms contained within the agreements that comprise Exhibit A.

4.     CIVIX has conferred with Plaintiff Mapquest to prepare the redacted complaint attached as Exhibit 1 to this motion. The parties believe that Exhibit 1 redacts only confidential commercial information that is entitled to protection under L.R. 26.2.

WHEREFORE CIVIX prays for entry of an order designating the redacted portions of Exhibit 1 and all of Exhibit A to CIVIX's notice of removal as restricted documents pursuant to L.R. 26.2.

Respectfully submitted,


_____s/Gregory P. Casimer_____
Gregory P. Casimer
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733

**Attorneys for Defendant, CIVIX-DDI, LLC**

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION FOR L.R. 26.2 RESTRICTING ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses on March 28, 2008:

John A. Leja
Gary Y. Leung
McGuire Woods, LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100
Fax: (312) 641-2742
jleja@mcguirewoods.com

**Attorneys for Mapquest, Inc.**


*s/ Gregory P. Casimer*

# EXHIBIT 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| MAPQUEST, INC.<br>a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| | ) | |
| vs. | ) | Judge _____ |
| | ) | |
| | ) | |
| CIVIX-DDI, LLC<br>a Colorado Corporation, | ) | 2007L013843 |
| | ) | CALENDAR/ROOM W |
| | ) | TIME 00:00 |
| Defendant. | ) | Breach of Contract |

### COMPLAINT AND JURY DEMAND

Plaintiff Mapquest, Inc. ("MapQuest"), by counsel, alleges the following as its Complaint against defendant CIVIX-DDI, LLC ("CIVIX"):

#### Parties

1.  MapQuest is a corporation organized under the laws of the State of Delaware, with its principal place of business in Colorado.

2.  CIVIX is a limited liability company organized under the laws of the State of Colorado, with its principal place of business at 125 South Wacker Drive, Chicago, Illinois.

#### Jurisdiction

3.  This Court has jurisdiction over the subject of this matter and CIVIX pursuant to Section 2-209 of the Illinois Code of Civil Procedure because CIVIX's principal place of business is in Illinois and CIVIX has transacted business, and continues to transact business, in Illinois. 735 ILCS 5/2-209.

**Factual Background**

A.    **License and Settlement Agreements Between MapQuest and Civix**

4.   In 1999, CIVIX sued MapQuest in the United States District Court for the District of Colorado alleging that MapQuest infringed United States Patents Nos. 4,974,170 and 5,682,525.

5.   CIVIX and MapQuest settled this dispute on May 3, 1999, and entered into two integrated agreements: a License (attached as Exhibit A) and a Settlement Agreement (attached as Exhibit B) (collectively the "MapQuest Agreement").

6.   The MapQuest Agreement includes a license that provides MapQuest with the right to "make, create, modify, improve, design, have made, import, use, sell or offer for sale, sublicense, transfer and/or assign any and all past, present, and future MAPQUEST Technology covered by any claim of the CIVIX Patents" and "to sublicense, transfer and/or assign to any MAPQUEST customer the right to undertake any and all past, present and future Permitted Uses with respect to the MAPQUEST Technology." The MapQuest Agreement further grants a "concurrent right of use by MapQuest's end users, and by each such customer's customers and end users, of the MAPQUEST Technology and the Permitted Uses." (Exhibit A at 2, ¶ 3.)

7.   The MapQuest Agreement ████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████

8.   The MapQuest Agreement contains a Covenant Not to Sue that is broader than the license granted. The Covenant states:

> CIVIX hereby covenants and agrees that neither CIVIX not any successor or assign of CIVIX will bring *any lawsuit*, cause of action, claim or demand *of any kind*

2.

*against* (i) MAPQUEST, with respect to the creation, modification, improvement, design of, or any manufacture, importation, use, license, sale or offer for sale by MAPQUEST of, the MAPQUEST Technology or the Permitted Uses to any of its customers who sublicense, purchase or use MAPQUEST Technology, or (ii) *any MAPQUEST customer*, with respect to the creation, modification, improvement, design of, or any manufacture, importation, *use*, sale or offer for sale by any such customer, *of the MAPQUEST Technology or the Permitted Uses*, or (iii) any MAPQUEST end user, or any MAPQUEST customer's customer or end user, with respect to the MAPQUEST Technology or the Permitted Uses.

(Exhibit B at 3, ¶ 7) (emphasis added).

9.    The MapQuest Agreement defines "MAPQUEST Technology" as "proprietary software, products, equipment, systems and services, and related know-how" that "MapQuest has created and developed and will continue to create and develop." (Exhibit A at 1.)

10. The MapQuest Agreement defines "Permitted Uses" as the rights:

(i) for use of the MAPQUEST Technology by such customer as so licensed, transferred and/or assigned, or (ii) with the right for such customer to incorporate the MAPQUEST Technology in, or use the MAPQUEST Technology with, other software, products, equipment, systems and services, or (iii) with the right for such customer to modify, enhance or revise the MAPQUEST Technology for use as so modified, enhanced or revised, or in connection with other software, products, equipment, systems and services, or (iv) with the right for such customer to sublicense and/or resell software products, equipment, systems and services as described in (i), (ii) and (iii) in accordance with the license agreements with MAPQUEST (and in each such case, with the concurrent right of MapQuest's and each such customers and/or end users) (Exhibit A at 1.)

11.  Accordingly, pursuant to the MapQuest Agreement, ████████████████
████████████████████████████████████████████████████████████
████████████████

12. ████████████████████████████████████████████████████████

████████████████    (Exhibit A at 3, ¶ 5.)

13. Because the MapQuest Agreement explicitly extended the License and Covenant Not To Sue to MapQuest's customers, MapQuest's customers are third-party beneficiaries to the MapQuest Agreement.

14. The United States District Court for the District of Colorado issued an order on May 18, 1999 dismissing the suit and acknowledging the MapQuest Agreement.

**B.    CIVIX Breaches the MapQuest Agreement**

15. Despite the MapQuest Agreement, CIVIX filed multiple lawsuits alleging infringement of the CIVIX patents against MapQuest customers based on their use of MapQuest products and services.

16. On June 3, 2003, CIVIX filed a lawsuit in the United States District Court for the Northern District of Illinois alleging infringement of United States Patents Nos. 6,385,622 (the "'622 Patent"); 6,408,307 (the "'307 Patent"); 6,415,291 (the "'291 Patent"); 6,339,744 (the "'744 Patent"); and 6,473,692 (the "'692 Patent") against, among others, Verizon Information Services, Inc. ("Verizon") based on its operation of the website www.superpages.com.

17. The '622, '307, and '291 Patents are continuations of application Serial No. 08/371,425, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████ ███████

████████████████████████████████████

18. The Covenant Not To Sue further prohibited CIVIX from suing Verizon for use of the '744 and '692 Patents in connection with MapQuest products and services.

19. The Verizon-owned entity operating www.superpages.com was a customer of MapQuest.

4

20. Verizon was, at all relevant times, a licensed user of proprietary products or services created and developed by MapQuest.

21. On December 1, 2004, the Honorable Amy J. St. Eve of the United States District Court for the Northern District of Illinois granted Verizon partial summary judgment based upon the MapQuest Agreement, holding "there is no genuine dispute that [Verizon was a] MapQuest Customer . . . and had a license to the patents-in-suit to the extent its accused activities were 'Permitted Uses' of 'MapQuest Technology.' CIVIX has covenanted not to sue [Verizon's] activities relating to 'Permitted Uses' of 'MapQuest Technology.'" *CIVIX-DDI, LLC v. Cellco Partnership*, 2004 WL 2966928 at *7 (N.D. Ill. 2004).

22. On December 6, 2005, CIVIX filed suit in the United States District Court for the Northern District of Illinois against Hotels.com, Orbitz, and Travelocity.com ("Travelocity") alleging infringement of the same patents asserted in the *Verizon* case, with the exception that the '744 Patent was not asserted.

23. Hotels.com, Orbitz, and Travelocity.com were, at all relevant times, licensed users of proprietary products or services created and developed by MapQuest.

24. The '622, '307, and '291 Patents are continuations of application Serial No. 08/371,425, ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

25. The Covenant Not To Sue further prohibited CIVIX from suing Hotels.com, Orbitz, and Travelocity.com for use of the '692 Patent in connection with MapQuest products and services.

26. On January 22, 2007, the Honorable Amy J. St. Eve of the United States District Court for the Northern District of Illinois granted partial summary judgment for Hotels.com, holding that Hotels.com's use of MapQuest Technology was covered by the Covenant Not To Sue under the MapQuest Agreement. *CIVIX-DDI, LLC v. National Ass'n of Realtors*, 2007 WL 178318 at *13-14 (N.D. Ill. 2007). The Court also held that Hotels.com was a third-party beneficiary under the MapQuest Agreement. (*Id.* at * 13.)

27. On January 31, 2007, Travelocity filed a motion for partial summary judgment against CIVIX based on CIVIX's Covenant Not To Sue in the MapQuest Agreement.

28. As set forth in Travelocity's motion for partial summary judgment, "the geocode for every domestic hotel made available for search on www.travelocity.com is obtained from MapQuest and therefore represents the immunized use of MapQuest Technology under the terms of the covenant-not-to-sue provision of the [MapQuest Agreement]."

29. Accordingly, CIVIX, knowing that the Court had already granted partial summary judgment to Verizon and Hotels.com based on the MapQuest Agreement, was aware that Travelocity also used the MapQuest Technology and that the MapQuest Agreement prohibited CIVIX from suing, or at a minimum, continuing its suit against Travelocity.

30. Despite this knowledge, CIVIX did not voluntarily dismiss Travelocity, or at a minimum, withdraw any claims against Travelocity based on MapQuest Technology.

31. CIVIX never filed an opposition or response to Travelocity's motion for partial summary judgment.

32. On June 15, 2007, CIVIX and Travelocity settled their dispute ██████████
████████████████████████████████

6

33. On July 12, 2007, Sabre, Inc.—Travelocity's parent corporation—filed an arbitration demand against MapQuest seeking indemnification from MapQuest for Travelocity's defense and settlement of CIVIX's claims.    Because MapQuest was contractually bound to honor its indemnification agreement with Travelocity, MapQuest paid Travelocity $2.1 million, ██████████

██████████████████████████████

## CLAIMS FOR RELIEF

### FIRST COUNT FOR RELIEF
### (Breach of Contract)

34.  MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1 – 33.

35.  MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

36.  The MapQuest Agreement is a valid and enforceable contract in full force and effect and is binding on CIVIX.

37.  MapQuest has fully performed its contractual obligations under the MapQuest Agreement, and any and all conditions precedent to CIVIX's performance have been satisfied.

38.  CIVIX willfully breached the MapQuest Agreement in bad faith when it sued MapQuest customers, including Travelocity, for their permitted uses of the MapQuest Technology.

39.  CIVIX also willfully breached the MapQuest Agreement when it continued its lawsuit against Travelocity, and did not voluntarily dismiss Travelocity, after CIVIX learned that Travelocity used MapQuest Technology.

40.  As a result of CIVIX's breach, MapQuest has suffered monetary damages to be proven at trial.

7

**RELIEF REQUESTED**

WHEREFORE, MAPQUEST respectfully requests that this Court enter judgment in its favor on Count I, and grant the following relief:

I.      Compensatory damages in an amount no less than $1.9 million, to be proven at trial, for all losses that MapQuest has incurred as a result of the acts and omissions of CIVIX.

II.     Pre-judgment and post-judgment interest as allowed by law.

III.    Costs as allowed by law.

IV.     Any and all other relief to which MapQuest may be entitled or which this Court deems just and proper.

**SECOND COUNT FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

41.  MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1 – 33.

42.  MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

43.  The MapQuest Agreement is a valid and enforceable contract in full force and effect, and is binding on CIVIX.

44.  MapQuest has fully performed its contractual obligations under the MapQuest Agreement, and any and all conditions precedent to CIVIX's performance have been satisfied.

45.  CIVIX breached its duty of good faith and fair dealing when it failed to reasonably exercise its contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by suing MapQuest customers, including Travelocity, with respect to the MapQuest Technology.

8

46. CIVIX's suit against MapQuest's customers is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

47. Upon information and belief, CIVIX breached its duty of good faith and fair dealing when it did not reasonably exercise its contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by failing to conduct a reasonable investigation into whether MapQuest's customers used MapQuest Technology either before or after bringing suit.

48. CIVIX's failure to conduct a reasonable investigation into whether MapQuest's customers used MapQuest Technology either before or after bringing suit is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

49. CIVIX breached its duty of good faith and fair dealing when it did not reasonably exercise its contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by failing to promptly dismiss its claims against MapQuest's customers, including Travelocity, when it determined that those MapQuest customers used MapQuest Technology.

50. CIVIX's failure to promptly dismiss its claims against MapQuest's customers, including Travelocity, when it determined that those MapQuest customers used MapQuest technology, is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

51. As a result of CIVIX's breach of the covenant of good faith and fair dealing, MapQuest has suffered monetary damages to be proven at trial.

9

**RELIEF REQUESTED**

WHEREFORE, MAPQUEST respectfully requests that this Court enter judgment in its favor on Count II, and grant the following relief:

I.     Compensatory damages in an amount no less than $1.9 million, to be proven at trial, for all losses that MapQuest has incurred as a result of the acts and omissions of CIVIX.

II.    Pre-judgment and post-judgment interest as allowed by law.

III.   Costs as allowed by law.

IV.    Any and all other relief to which MapQuest may be entitled or which this Court deems just and proper.

**THIRD COUNT FOR RELIEF**
**(Declaratory Judgment Pursuant to 735 ILCS 5/2-701)**

52.  MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1 – 33.

53.  CIVIX has argued in litigation against MapQuest's customers that products and services provided by MapQuest infringe certain patents held by CIVIX.

54.  CIVIX has argued in litigation against MapQuest's customers that its claims of patent infringement based on MapQuest products and services are not barred by the License and Settlement Agreement because they are not "MapQuest Technology" as that term is used in the MapQuest Agreement.

55.  There is a bona fide, actual, present need for a declaration as to the rights and duties of MapQuest and CIVIX under the MapQuest Agreement.

10

56.  MapQuest and CIVIX have an actual, present, adverse and antagonistic interest in a determination of MapQuest and its customers' rights and CIVIX's duties under the MapQuest Agreement.

57.  This case accordingly presents a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.

58.  MapQuest is entitled to a declaratory judgment that under the terms of the MapQuest Agreement: i) all of the products and services that it provides and has provided to it its customers are "MapQuest Technology"; ii) CIVIX claims, including patent infringement claims, against MapQuest's customers for their manufacture, sale, purchase, or use of MapQuest's products or services are in breach of the MapQuest Agreement; iii) CIVIX has breached the MapQuest Agreement; iv) CIVIX has an obligation before filing future law suits and during the litigation of any future lawsuits to reasonably investigate whether a defendant manufactures, sells, purchases, or uses MapQuest's products or services.; and v) CIVIX has a duty to promptly dismiss all claims, including patent infringement claims, to the extent they are based on the manufacture, sale, purchase, or use of MapQuest's products or services.

## RELIEF REQUESTED

WHEREFORE, MAPQUEST respectfully requests that this Court enter judgment in its favor on Count III, and grant the following relief:

I.      A declaratory judgment that under the terms of the MapQuest Agreement: i) all of the products and services that it provides and has provided to it its customers are "MapQuest Technology"; ii) CIVIX claims, including patent infringement claims, against MapQuest's customers for their manufacture, sale, purchase, or use of MapQuest's products or services are in breach of the MapQuest Agreement; iii) CIVIX has breached the MapQuest Agreement; iv)

11

CIVIX has an obligation before filing future law suits and during the litigation of any future lawsuits to reasonably investigate whether a defendant manufactures, sells, purchases, or uses MapQuest's products or services.; and v) CIVIX has a duty to promptly dismiss all claims, including patent infringement claims, to the extent they are based on the manufacture, sale, purchase, or use of MapQuest's products or services.

II.    Any and all other relief to which MapQuest may be entitled or which this Court deems just and proper.

## FOURTH COUNT FOR RELIEF
### (Permanent Injunction)

59. MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1 – 33.

60. MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

61. The MapQuest Agreement is a valid and enforceable contract in full force and effect and is binding on CIVIX.

62. MapQuest has fully performed its contractual obligations under the MapQuest Agreement, and any and all conditions precedent to CIVIX's performance have been satisfied.

63. MapQuest's contractual rights under the MapQuest Agreement are a clear and ascertainable right in need of protection.

64. To date, CIVIX has filed patent infringement suits against Verizon, Hotels.com, Orbitz, and Travelocity based on their use of MapQuest products and services.

65. MapQuest, however, has also provided products and services which constitute "MapQuest Technology" and "Permitted Uses" of the "MapQuest Technology" to many other MapQuest customers.

12

66. Upon information and belief, CIVIX will continue to file patent infringement lawsuits against MapQuest customers based on their use of MapQuest products and services.

67. CIVIX's transgressions are of a continuing nature, and therefore comprise an irreparable harm to MapQuest.

68. MapQuest has no adequate remedy at law because any available legal remedy would not be clear, complete, and as practical and efficient as a permanent injunction requiring CIVIX and its assigns, upon filing any lawsuit, including any patent infringement lawsuit, to determine at the first available instance whether the defendant uses MapQuest products or services, and if so, to voluntarily dismiss its claims accordingly.

### RELIEF REQUESTED

WHEREFORE, MAPQUEST respectfully requests that this Court enter judgment in its favor on Count IV, and grant the following relief:

I.      A permanent injunction requiring CIVIX and its assigns, upon filing any lawsuit, including any patent infringement lawsuit, to determine at the first available instance whether the defendant uses MapQuest products or services, and if so, to voluntarily dismiss its claims accordingly.

II.     Ordering specific performance of the MapQuest Agreement.

III.    Any and all other relief to which MapQuest may be entitled or which this Court deems just and proper.

### JURY DEMAND

MapQuest demands a trial by jury on all issues so triable in accordance with 735 ILCS 5/2-1105.

13

Dated:  December _11_, 2007                    MAPQUEST, INC.


                                               _____
                                               *One of Its Attorneys*


John A. Leja (ARDC No. 6256269)        **Petition for Admission Pro Hac Vice Pending:**
Gary Y. Leung (ARDC No. 6277889)       Brian C. Riopelle (VA Bar No. 36454)
McGuireWoods, LLP                      McGuireWoods LLP
77 West Wacker Drive                   One James Center
Suite 4100                             901 East Cary Street
Chicago, IL 60601                      Richmond, VA 23219-4030
Ph:    (312) 849-8100                  Ph:    (804) 775-1084
Fax:   (312) 641-2742                  Fax:   (804) 698-2150


14

## AFFIDAVIT PURSUANT TO RULE 222(b)

I, Gary Y. Leung, after being duly sworn on oath depose and state as follows:

1.      MapQuest, Inc. has brought suit against CIVIX-DDI, LLC for breach of contract, breach of the covenant of good faith and fair dealing, declaratory judgment, and permanent injunction.

2.      The total of money damages MapQuest, Inc. seeks exceeds $50,000.

3.      I am filing this Affidavit pursuant to the provisions of Illinois Supreme Court Rule 222.

Dated: December _11_, 2007

_____
Plaintiff's Attorney

Under the penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this affidavit are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies that he verily believes them to be true.

```
+++++++++++++++++++++++
+  "OFFICIAL SEAL"    +
+    LOIS M. DEUEL     +
+ Notary Public, State of Illinois +
+ My Commission Expires 05/08/10 +
+++++++++++++++++++++++
```

_____
Plaintiff's Attorney

SWORN TO AND SUBSCRIBED before me this _11_ day of December, 2007.

_Lois M. Deuel_
_____
Notary Public
My Commission expires: _05-08-10_

15

# Exhibit A

Exhibit Redacted in its Entirety

# Exhibit B

Exhibit Redacted in its Entirety