IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mapquest, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08 CV 1732 |
| v. ) | |
| ) | Judge David H. Coar |
| CIVIX-DDI, LLC, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL STATEMENT OF CIVIX IN SUPPORT OF ITS
UNOPPOSED MOTION FOR EXTENSION OF TIME**

Pursuant to the Court's order of April 1, 2008, CIVIX submits the following supplement to its motion for an extension of time to explain why it needs until May 1, 2008 to answer or otherwise plead in response to Plaintiff Mapquest's complaint.

CIVIX's motion arises under Fed.R.Civ.P. 6(b)(1) which permits the Court, in its discretion, to grant the enlargement of time requested by CIVIX "for cause shown." CIVIX contends that such good cause exists due to several factors.

First, Mapquest's original complaint was filed in state court where fact pleading is required. Therefore, its causes of action have been plead in detail beyond normal notice pleading. The complaint purportedly states four causes of action through 68 paragraphs of allegations of fact and conclusions of law. With each claim, Mapquest seeks multiple forms of relief; some are, at best, unconventional. For example, Mapquest seeks declaratory relief from this Court, that would order CIVIX to dismiss claims against third parties that are currently pending in Civil Action No. 05-CV-6869 before Hon. Amy St. Eve. These claims and requests for relief require substantial inquiries into the underlying facts and applicable law.

Moreover, Mapquest's allegations involve facts and events that occurred as far back as 1999 between CIVIX and multiple predecessors of the current plaintiff. In addition, the Mapquest allegations involve at least four patent infringement actions filed between 1999 and 2007 involving multiple third parties who are allegedly customers of Mapquest and beneficiaries to its contracts. CIVIX must also investigate multiple orders issued by the Court from each of the prior (and current) patent infringement cases, including the underlying briefing. CIVIX's Rule 11 obligation to make a reasonable inquiry into these allegations requires the recovery of archived files and potential contact with relevant third parties from that time. While these tasks have been initiated by CIVIX, it needs additional time to make a complete, good faith inquiry.

Finally, in the interim, CIVIX has also been diligently addressing and acting on related issues of removal jurisdiction, a notice of related case and a reassignment motion. CIVIX also notes that the requested extension will not prejudice Mapquest, who has not opposed this motion.

WHEREFORE, for the reasons set forth above, CIVIX respectfully requests that the Court grant it an extension of time until and including May 1, 2008 to file its response to Mapquest's complaint.

Respectfully submitted,

  *s/Gregory P. Casimer*
Gregory P. Casimer
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733
**Attorneys for Defendant, CIVIX-DDI, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **SUPPLEMENTAL STATEMENT OF CIVIX IN SUPPORT OF ITS UNOPPOSED MOTION FOR EXTENSION OF TIME** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on April 2, 2008:

>   John A. Leja
>   Gary Y. Leung
>   McGuire Woods, LLP
>   77 W. Wacker Drive, Suite 4100
>   Chicago, IL 60601
>   (312) 849-8100
>   Fax: (312) 641-2742
>   jleja@mcguirewoods.com
>
>   ***Attorneys for Mapquest, Inc.***

*s/Gregory P. Casimer*