IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MAPQUEST, INC., a Delaware Corporation,

                    Plaintiff,

        v.                                     Civil Action No. 08-CV-1732

                                               Judge David H. Coar

CIVIX-DDI, LLC, a Colorado Corporation,        **Jury Trial Demanded**

                    Defendants.                **[REDACTED PUBLIC VERSION]**

## ANSWER AND COUNTERCLAIMS OF CIVIX-DDI, LLC

Defendant, CIVIX-DDI, LLC ("CIVIX") responds to the Complaint filed by Plaintiff,

MapQuest, Inc., ("MapQuest"), as follows:

### Parties

1.      MapQuest is a corporation organized under the laws of the State of Delaware with its principal place of business in Colorado.

**Response:**

CIVIX admits that MapQuest is a Delaware corporation. Otherwise denied.

2.      CIVIX is a limited liability company organized under the laws of the State of Colorado, with its principal place of business at 125 South Wacker Drive, Chicago, Illinois.

**Response:**

CIVIX admits that it is a Colorado limited liability company. Otherwise denied.

### Jurisdiction

3.      This Court has jurisdiction over the subject of this matter and CIVIX pursuant to Section 2-2209 of the Illinois Code of Civil Procedure because CIVIX's principal place of business if in Illinois and CIVIX has transacted business, and continues to transact business, in Illinois. 735 ILCS 5/2-209.

**Response:**

Denied. CIVIX further states that jurisdiction is proper in the United States District Court

for the Northern District of Illinois for the reasons set forth in CIVIX's Notice of Removal filed

in this Court on March 25, 2008.

### Factual Background

**A.     License and Settlement Agreements Between MapQuest and Civix**

4.     In 1999, CIVIX sued MapQuest in the United States District Court for the District of Colorado alleging that MapQuest infringed United States Patents Nos. 4,974,170 and 5,682,525.

**Response:**

Admitted.

5.     CIVIX and MapQuest settled this dispute on May 3, 1999, and entered into two integrated agreements: a License attached as Exhibit A) and a Settlement Agreement (attached as Exhibit B) (collectively the "MapQuest Agreement").

**Response:**

CIVIX admits that, on May 3, 1999, it entered into the License of Exhibit A and the

Settlement Agreement of Exhibit B with MapQuest.com, Inc. Otherwise denied.

6.     The MapQuest Agreement includes a license that provides MapQuest with the right to "make, create, modify, improve, design, have made, import, use, sell or offer for sale, sublicense, transfer and/or assign any and all past, present, and future MAPQUEST Technology covered by any claim of the CIVIX Patents" and "to sublicense, transfer and/or assign to any MAPQUEST customer the right to undertake any and all past, present and future Permitted Uses with respect to the MAPQUEST Technology."  The MapQuest Agreement further grants a "concurrent right of use by MapQuest's end users, and by each such customer's customers and end users, of the MAPQUEST Technology and the Permitted Uses." (Exhibit A at 2, ¶3.)

**Response:**

Admitted that the MapQuest Agreement has been correctly quoted. Otherwise denied.

7.     The MapQuest Agreement ████████████████████████████████████
███████████████████████████████████████████████████████████████████████
████████████

**Response:**

Admitted.

8.    The MapQuest Agreement contains a Covenant Not to Sue that is broader than the license granted.  The Covenant states:

> CIVIX hereby covenants and agrees that neither CIVIX not [sic] any successor or assign of CIVIX will bring *any lawsuit,* cause of action, claim or demand *of any kind against* (i) MAPQUEST, with respect to the creation, modification, improvement, design of, or any manufacture, importation, use, license, sale or offer for sale by MAPQUEST of, the MAPQUEST Technology or the Permitted Uses to any of its customers who sublicense, purchase or use MAPQUEST Technology, or (ii) ***any MAPQUEST customer***, with respect to the creation, modification, improvement, design of, or any manufacture, importation, ***use***, sale or offer for sale by any such customer, ***of the MAPQUEST Technology or the Permitted Uses***, or (iii) any MAPQUEST end user , or any MAPQUEST customer's customer or end user, with respect to the MAPQUEST Technology or the Permitted Uses.

(Exhibit B at 3, ¶ 7) (emphasis added).

**Response:**

CIVIX admits that paragraph 7 of the Settlement Agreement generally reads as cited by

MapQuest. Otherwise denied.

9.    The MapQuest Agreement defines "MAPQUEST Technology" as "proprietary software, products, equipment, systems and services, and related know-how" that "MapQuest has created and developed and will continue to create and develop." (Exhibit A at 1.)

**Response:**

CIVIX admits that the first recital of the License generally reads as cited by MapQuest.

Otherwise denied.

10.    The MapQuest Agreement defines "Permitted Uses" as the rights:

(i) for use of the MAPQUEST Technology by such customer as so licensed, transferred and/or assigned, or (ii) with the right for such customer to incorporate the MAPQUEST Technology in, or use the MAPQUEST Technology with, other software, products, equipment, systems and services, or (iii) with the right for such customer to modify, enhance or revise the MAPQUEST Technology for use as so modified, enhanced or revised, or in connection with other software, products, equipment, systems and services, or (iv) with the right for such customer to sublicense and/or resell software products, equipment, systems and

services as described in (i), (ii) and (iii) in accordance with the license agreements with MAPQUEST (and in each such case, with the concurrent right of MapQuest's and each such customers and/or end users) (Exhibit A at 1.)

**Response:**

Admitted.

11.    Accordingly, pursuant to the MapQuest Agreement, ███████████████████ ████████████████████████

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

12.    ████████████████████████████████████ ████████████    (Exhibit A at 3, ¶5.)

**Response:**

████████████████████████████████████

Otherwise denied.

13.    Because the MapQuest Agreement explicitly extended the License and Covenant Not To Sue to MapQuest's customers, MapQuest's customers are third-party beneficiaries to the MapQuest Agreement.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

14.    The United States District Court for the District of Colorado issued an order on May 18, 1999 dismissing the suit and acknowledging the MapQuest Agreement.

**Response:**

Admitted.

**B.    CIVIX Breaches the MapQuest Agreement**

15.    Despite the MapQuest Agreement, CIVIX filed multiple lawsuits alleging infringement of the CIVIX patents against MapQuest customers based on their use of MapQuest

products and services.

**Response:**

    Denied.

    16.    On June 3, 2003, CIVIX filed a lawsuit in the United States District Court for the Northern District of Illinois alleging infringement of United States Patents Nos. 6,385,622 (the "'622 Patent"); 6,408,307 (the "'307 Patent"); 6,415,291 (the "'291 Patent"); 6,339,744 (the "'744 Patent"); and 6,473,692 (the "'692 Patent") against, among others, Verizon Information Services, Inc. ("Verizon") based on its operation of the website www.superpages.com.

**Response:**

    Denied.

    17.    The '622, '307, and '291 Patents are continuations of application Serial No. 08/371,425, ███████████████████████████████████████████████████
████████████████████████████████████████████

**Response:**

    Admitted that he '622, '307, and '291 Patents are continuations of application Serial No.

08/371,425, ███████████████████████████████████████████████████████

████████ Otherwise denied.

    18.    The Covenant Not To Sue further prohibited CIVIX from suing Verizon for use of the '744 and '692 Patents in connection with MapQuest products and services.

**Response:**

    This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX

denies them.

    19.    The Verizon-owned entity operating www.superpages.com was a customer of MapQuest.

**Response:**

    CIVIX is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 19.

    20.    Verizon was, at all relevant times, a licensed user of proprietary products or

services created and developed by MapQuest.

**Response:**

CIVIX is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 20.

21.    On December 1, 2004, the Honorable Amy J. St. Eve of the United States District Court for the Northern District of Illinois granted Verizon partial summary judgment based upon the MapQuest Agreement, holding "there is no genuine dispute that [Verizon was a] MapQuest Customer . . . and had a license to the patents-in-suit to the extent its accused activities were 'Permitted Uses' of 'MapQuest Technology.'  CIVIX has covenanted not to sue [Verizon's] activities relating to 'Permitted Uses' of 'MapQuest Technology.'" *CIVIX-DDI, LLC v. Cellco Partnership*, 2004 WL 2966928 at *7 (N.D. Ill. 2004).

**Response:**

CIVIX admits that Judge St. Eve's opinion generally reads in part as cited by MapQuest.

22.    On December 6, 2005, CIVIX filed suit in the United States District Court for the Northern District of Illinois against Hotels.com, Orbitz, and Travelocity.com ("Travelocity") alleging infringement of the same patents asserted in the Verizon case, with the exception that the '744 Patent was not asserted.

**Response:**

Denied.

23.    Hotels.com, Orbitz, and Travelocity.com were, at all relevant times, licensed users of proprietary products or services created and developed by MapQuest.

**Response:**

Denied.

24.    The '622, '307, and '291 Patents are continuations of application Serial No. 08/371,425, ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

**Response:**

Admitted that he '622, '307, and '291 Patents are continuations of application Serial No.

08/371,425, ██████████████████████████████████████████████████████████

████████. Otherwise denied.

6

25.    The Covenant Not To Sue further prohibited CIVIX from suing Hotels.com, Orbitz, and Travelocity.com for use of the '692 Patent in connection with MapQuest products and services.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX

denies them.

26.    On January 22, 2007, the Honorable Amy J. St. Eve of the United States District Court for the Northern District of Illinois granted partial summary judgment for Hotels.com, holding that Hotels.com's use of MapQuest Technology was covered by the Covenant Not To Sue under the MapQuest Agreement. *CIVIX-DDI, LLC v. National Ass'n of Realtors*, 2007 WL 178318 at *13-14 (N.D. Ill. 2007).  The Court also held that Hotels.com was a third-party beneficiary under the MapQuest Agreement. (*Id*. at * 13.)

**Response:**

CIVIX admits that Judge St. Eve's opinion generally reads in part as cited by MapQuest.

27.    On January 31, 2007, Travelocity filed a motion for partial summary judgment against CIVIX based on CIVIX's Covenant Not To Sue in the MapQuest Agreement.

**Response:**

Admitted.

28.    As set forth in Travelocity's motion for partial summary judgment, "the geocode for every domestic hotel made available for search on www.travelocity.com is obtained from MapQuest and therefore represents the immunized use of MapQuest Technology under the terms of the covenant-not-to-sue provision of the [MapQuest Agreement]."

**Response:**

Denied.

29.    Accordingly, CIVIX, knowing that the Court had already granted partial summary judgment to Verizon and Hotels.com based on the MapQuest Agreement, was aware that Travelocity also used the MapQuest Technology and that the MapQuest Agreement prohibited CIVIX from suing, or at a minimum, continuing its suit against Travelocity.

**Response:**

Denied.

30.    Despite this knowledge, CIVIX did not voluntarily dismiss Travelocity, or at a minimum, withdraw any claims against Travelocity based on MapQuest Technology.

**Response:**

Denied.

31.    CIVIX never filed an opposition or response to Travelocity's motion for partial summary judgment.

**Response:**

Admitted that no opposition or response was required. Otherwise denied.

32.    On June 15, 2007, CIVIX and Travelocity settled their dispute ███████████ ██████████████████████████████████████████

**Response:**

███████████████████████████████████████████████████████████

████████████████ Otherwise denied.

33.    On July 12, 2007, Sabre, Inc.-Travelocity's parent corporation-filed an arbitration demand against MapQuest seeking indemnification from MapQuest for Travelocity's defense and settlement of CIVIX's claims.  Because MapQuest was contractually bound to honor its indemnification agreement with Travelocity, MapQuest paid Travelocity $2.1 million, ████████ ████████████████████████████████████████████

**Response:**

CIVIX is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 33. In fact, neither Travelocity nor MapQuest notified CIVIX of any

right to indemnification.

## CLAIMS FOR RELIEF

### FIRST COUNT FOR RELIEF
### (Breach of Contract)

34.    MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1-33.

**Response:**

CIVIX repeats its responses to paragraphs 1-33.

35.    MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

**Response:**

Admitted that CIVIX and MapQuest are parties to the MapQuest Agreement. Admitted that the MapQuest Agreement grants rights to and imposes obligations on CIVIX and MapQuest. Otherwise denied.

36.    The MapQuest Agreement is a valid enforceable contract in full force and effect and is binding on CIVIX.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

37. MapQuest has, fully performed its contractual obligations under the MapQuest Agreement, and any and all conditions precedent to CIVlX's performance have been satisfied.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

38.    CIVIX willfully breached the MapQuest Agreement in bad faith when it sued MapQuest customers, including Travelocity, for their permitted uses of the MapQuest Technology.

**Response:**

Denied.

39.    CIVIX also willfully breached the MapQuest Agreement when it continued its lawsuit against Trave1ocity, and did not voluntarily dismiss Travelocity, after CIVIX learned that Travelocity used MapQuest Technology.

**Response:**

Denied.

40.    As a result of CIVIX's breach, MapQuest has suffered monetary damages to be proven at trial.

**Response:**

Denied.

## PLAINTIFF'S RELIEF REQUESTED – FIRST COUNT

CIVIX denies that MapQuest is entitled to entry of judgment or any relief whatsoever on Count I of the complaint.

## SECOND COUNT FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

41.    MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1-33.

**Response:**

CIVIX repeats its responses to paragraphs 1-33.

42.    MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

**Response:**

Admitted that CIVIX and MapQuest are parties to the MapQuest Agreement. Admitted that the MapQuest Agreement grants rights to and imposes obligations on CIVIX and MapQuest. Otherwise denied.

43.    The MapQuest Agreement is a valid and enforceable contract in full force and effect, and is binding on CIVIX.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

44.    MapQuest has fully performed its contractual obligations under the MapQuest Agreement, and any and all conditions precedent to CIVIX's performance have been satisfied.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX denies them.

45.    CIVIX breached. its duty of good faith and fair dealing when it failed to reasonably exercise its contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by suing MapQuest customers, including Travelocity, with respect to the MapQuest Technology.

10

**Response:**

Denied.

46.     CIVIX's suit against MapQuest's customers is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

**Response:**

Denied.

47.     Upon information and belief, CIVIX breached its duty of good faith and fair dealing when it did not reasonably exercise its. contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by failing to conduct a reasonable investigation into whether MapQuest's customers used MapQuest Technology either before or after bringing suit.

**Response:**

Denied.

48.     CIVIX's failure to conduct a reasonable investigation into whether MapQuest's customers used MapQuest Technology either before or after bringing suit is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

**Response:**

Denied.

49.     CIVIX breached its duty of good faith and fair dealing when it did not reasonably exercise its contractual discretion, and instead acted arbitrarily, capriciously, and in a manner outside the contemplation of the parties, by failing to promptly dismiss its claims against MapQuest's customers, including Travelocity, when it determined that those MapQuest customers used MapQuest Technology.

**Response:**

Denied.

50.     CIVIX's failure to promptly dismiss its claims against MapQuest's customers, including Travelocity, when it determined that those MapQuest customers used MapQuest technology, is contrary to the common purpose and reasonable expectations of CIVIX and MapQuest when they entered into the MapQuest Agreement.

**Response:**

Denied.

51.     As a result of CIVIX's breach of the covenant of good faith and fair dealing, MapQuest has suffered monetary damages to be proven at trial.

**Response:**

Denied.

## PLAINTIFF'S RELIEF REQUESTED – SECOND COUNT

CIVIX denies that MapQuest is entitled to entry of judgment or any relief whatsoever on

Count II of the complaint.

## THIRD COUNT FOR RELIEF
### (Declaratory Judgment Pursuant to 735 ILCS 5/2-71)

52.     MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1-33.

**Response:**

CIVIX repeats its responses to paragraphs 1-33.

53.     CIVIX has argued in litigation against MapQuest's customers that products and services provided by MapQuest infringe certain patents held by CIVIX.

**Response:**

Denied.

54.     CIVIX has argued in litigation against MapQuest's customers that its claims of patent infringement based on MapQuest products and services are not barred by the License and Settlement Agreement because they are not "MapQuest Technology" as that term is used in the MapQuest Agreement.

**Response:**

Denied.

55.     There is a bona fide, actual, present need for a declaration as to the rights and duties of MapQuest and CIVIX under the MapQuest Agreement.

**Response:**

Denied.

56.    MapQuest and CIVIX have an actual, present, adverse and antagonistic interest in a determination of MapQuest and its customers' rights and CIVIX's duties under the MapQuest Agreement.

**Response:**

Denied.

57.    This case accordingly presents a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof.

**Response:**

Denied.

58.    MapQuest is entitled to a declaratory judgment that under the terms of the MapQuest Agreement: i) all of the products and services that it provides and has provided to it its customers are "MapQuest Technology"; ii)  CIVIX claims, including patent infringement against MapQuest's customers for their manufacture, sale, purchase, or use of MapQuest's products or services are in breach of the MapQuest Agreement; iii) CIVIX has breached the MapQuest Agreement; iv) CIVIX has an obligation before filing future lawsuits and during the litigation of any future lawsuits to reasonably investigate whether a defendant manufactures, sells, purchases, or uses MapQuest's products or services; and v) CIVIX has a duty to promptly dismiss all claims, including patent infringement claims, to the extent they are based on the manufacture, sale, purchase, or use of MapQuest's products or services.

**Response:**

Denied.

## PLAINTIFF'S RELIEF REQUESTED – THIRD COUNT

CIVIX denies that MapQuest is entitled to entry of judgment or any relief whatsoever on

Count III of the complaint.

## FOURTH COUNT FOR RELIEF
### (Permanent Injunction)

59.    MapQuest realleges and incorporates by reference each of the allegations set forth in paragraphs 1-33.

**Response:**

CIVIX repeats its responses to paragraphs 1-33.

60.     MapQuest contracted with CIVIX to perform under the MapQuest Agreement.

**Response:**

Admitted that CIVIX and MapQuest are parties to the MapQuest Agreement. Admitted

that the MapQuest Agreement grants rights to and imposes obligations on CIVIX and MapQuest.

Otherwise denied.

61.     The MapQuest Agreement is a valid and enforceable contract in full force and
effect and is binding on CIVIX.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX

denies them.

62.     MapQuest has fully performed its contractual obligations under the MapQuest
Agreement, and any and all conditions precedent to CIVIX's performance have been satisfied.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX

denies them.

63.     MapQuest's contractual rights under the MapQuest Agreement are a clear and
ascertainable right in need of protection.

**Response:**

This allegation states a legal conclusion. To the extent that facts are alleged, CIVIX

denies them.

64.     To date, CIVIX has filed patent infringement suits against Verizon, Hotels.com,
Orbitz, and Travelocity based on their use of the MapQuest products and services.

**Response:**

Denied.

65.    MapQuest, however, has also provided products and services which constitute "MapQuest Technology" and "Permitted Uses" of the "MapQuest Technology" to many other MapQuest customers.

**<u>Response:</u>**

CIVIX is without knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 65.

66.    Upon information and belief, CIVIX will continue to file patent infringement lawsuits against MapQuest customers based on their use of MapQuest products and services.

**<u>Response:</u>**

Denied.

67.    CIVIX's transgressions are of a continuing nature, and therefore comprise an irreparable harm to MapQuest.

**<u>Response:</u>**

Denied.

68.    MapQuest has no adequate remedy at law because any available legal remedy would not be clear, complete, and as practical and efficient as a permanent injunction requiring CIVIX and its assigns, upon filing any lawsuit, including any patent infringement lawsuit, to determine at the first available instance whether the defendant uses MapQuest products or services, and if so, to voluntarily dismiss its claims accordingly.

**<u>Response:</u>**

Denied.

### PLAINTIFF'S RELIEF REQUESTED – FOURTH COUNT

CIVIX denies that MapQuest is entitled to entry of judgment or any relief whatsoever on

Count IV of the complaint.

### AFFIRMATIVE DEFENSES

In addition to the answers to MapQuest's allegations enumerated above, CIVIX generally

denies any allegation not expressly admitted and asserts the following affirmative defenses.

### First Affirmative Defense

MapQuest's claims are barred by the doctrine of res judicata.

### Second Affirmative Defense

MapQuest's claims are barred by the doctrines of judicial and equitable estoppel.

### Third Affirmative Defense

MapQuest's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

MapQuest's claims are barred by laches.

### Fifth Affirmative Defense

MapQuest's claims are barred by the statute of limitations.

### Sixth Affirmative Defense

MapQuest's claims are barred by waiver.

### Seventh Affirmative Defense

MapQuest's claims are barred by fraud.


## PRAYER FOR RELIEF

WHEREFORE, CIVIX requests the following relief:

      A.      Judgment in favor of CIVIX on all of the Plaintiffs' claims;

      B.      Dismissal of Plaintiffs' Complaint, with prejudice;

      C.      Such other and further relief as this Court and/or a jury may deem proper and just.

### COUNTERCLAIMS

For its Counterclaims, Defendant/Counterclaim Plaintiff CIVIX-DDI, LLC ("CIVIX")

alleges the following causes of action against Plaintiff/Counterclaim Defendant MapQuest, Inc.

16

("MapQuest"):

## The Parties

1.      CIVIX-DDI, LLC ("CIVIX") is a limited liability company organized under the laws of the State of Colorado, with its principal place of business at 4043 Carrington Road, Delaplane, Virginia, 20144.

2.      MapQuest, Inc. ("MapQuest") is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania.

## Jurisdiction and Venue

3.      Jurisdiction is proper in this judicial district under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 and also 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a).

5.      By virtue of the original complaint filed by MapQuest in Illinois and CIVIX's subsequent removal of that complaint to this judicial district pursuant to 28 U.S.C. § 1446, there is an actual justiciable controversy between CIVIX and MapQuest concerning the parties' actions with respect to the MapQuest Agreement.

## STATEMENT OF FACTS

6.      CIVIX is the owner of U.S. Patent Nos. 6,385,622; 6,408,307; and 6,415,291 (the "CIVIX patents") which are valuable patents relating to geographical search technology. CIVIX's current business is the licensing and enforcement of the CIVIX patents.

7.      The inventions claimed in the CIVIX patents represented a major advancement in search technology, and are used by millions of people on a daily basis.  Companies which have licensed the CIVIX patent include:   MapQuest, Inc. (formerly MapQuest.com, Inc. and Geosystems Global Corporation), Navigation Technologies Corporation, Vicinity Corporation,

America Online, Inc., InfoSpace.com, Inc., Rand McNally & Company, Magellan Corporation, Etak, Inc./Sony Corporation, Garmin International, Inc., Microsoft Corporation, Alpine Electronics of America, Inc. and Alpine Electronics, Inc., WGRS Licensing Co, LLC and UDS Directory Corp. d/b/a Go2 Directory Systems, Verizon Information Services, Inc.; Cellco Partnership d/b/a Verizon Wireless, Google, Inc., Expedia, Inc., Yellowpages.com, LLC and Orbitz, LLC.

8.    In 1999, CIVIX sued MapQuest for patent infringement.  On May 3, 1999, CIVIX and MapQuest settled that lawsuit, and as part of that settlement, CIVIX granted MapQuest a limited license which was specifically confined to MapQuest technology "covered by any claim of the CIVIX patents".  The license also was expressly confined to "proprietary" products that were both "created and developed" by MapQuest.

9.    CIVIX currently has a lawsuit pending in the Northern District of Illinois against infringers of the CIVIX patents titled: CIVIX-DDI, LLC v. National Association of Realtors, Homestore, Inc., Hotels.com, L.P., Hotels.com GP LLC, Yahoo! Inc., Orbitz LLC, Travelocity.com, Inc. and Travelocity.com LP, Case No:  05-6869 (ND Il).

10.    MapQuest has directly interfered with CIVIX's efforts to license the CIVIX patents by improperly representing to infringers that by buying products sold by MapQuest they are licensed under the CIVIX patents.  MapQuest has made such representations even as to products (1) that MapQuest did not "create and develop," (2) that are not proprietary or (3) that are merely pass-through products created and developed by third parties.

11.    One example is MapQuest's resale of "geocodes" which MapQuest itself purchases from other vendors.  A "geocode" is the precise latitude/longitude that corresponds to the location of something, say a hotel.  The sale or use of a geocode in and of itself would not

infringe any claim of the CIVIX patents, though geocodes are used in systems which infringe such patents. Moreover, such geocodes obviously are not "created and developed by MapQuest", nor are they "proprietary."

12.    Nonetheless, MapQuest has represented that the use of geocodes supplied by MapQuest confers a license of the CIVIX patents, and has encouraged infringers to make such a claim and not pay for a license under the CIVIX patents. It also appears, on information and belief, that MapQuest has actively assisted infringers by serving as a conduit for geocodes supplied by other companies precisely to create infringers' claims that they are already licensed under the CIVIX patents.

13.    As the result of MapQuest's conduct, infringers have refused to negotiate a license of the CIVIX patents.

**CIVIX's Litigation Against Verizon Information Services, Inc.**

14.    On February 27, 2004 CIVIX filed its Third Amended Complaint in Civil Action No. 03 C 3792 in the United States District Court for the Northern District of Illinois, naming Verizon Information Services, Inc. ("VIS") as a defendant in an action for patent infringement (the "VIS Action").

15.    On May 13, 2004, CIVIX served a subpoena on MapQuest as part of the VIS Action. The subpoena requested the production of documents including "documents pertaining to any request for indemnification made by MapQuest or VIS pertaining to SuperPages."

16.    MapQuest did not produce any documents in response to CIVIX's subpoena.

17.    MapQuest has known of the VIS Action and the nature of CIVIX's claims against VIS since at least May, 2004. Despite this knowledge, MapQuest did not provide any notice to CIVIX of any belief or claim that CIVIX was in breach of the MapQuest Agreement until its

complaint was served on CIVIX in February, 2008.

18.    The issue of whether CIVIX's claims against VIS were barred or limited by the MapQuest Agreement was litigated between CIVIX and VIS in the VIS Action.

19.    On June 6, 2005, the court in the VIS Action dismissed all claims between CIVIX and VIS with prejudice pursuant to a settlement agreement entered into by the parties.

20.    MapQuest has alleged that VIS was a customer of MapQuest's proprietary products and services at all times relevant to the VIS action. Therefore MapQuest shared a direct interest with VIS in the determination of VIS's rights under the MapQuest Agreement during the VIS Action.

21.    MapQuest never sought to join or intervene in the VIS Action.

**CIVIX's Litigation Against Travelocity**

22.    On February 13, 2006 CIVIX filed Civil Action No. 06 C 0796 in the United States District Court for the Northern District of Illinois, naming Travelocity.com, Inc. ("Travelocity") as a defendant in an action for patent infringement (the "Travelocity Action").

23.    In the Travelocity Action, Travelocity had an obligation under Fed.R.Civ.P. Rule 26(a)(1) to disclose to CIVIX any insurance or indemnification agreement  that related to CIVIX's claims against Travelocity.

24.    Travelocity's 26(a)(1) disclosures did not identify any insurance or indemnification obligation it claimed from MapQuest, nor did Travelocity supplement its 26(a)(1) disclosures at any time during the Travelocity Action to identify any actual or potential indemnification claim owed to it by MapQuest.

25.    On information and belief, Travelocity knew of the indemnification claim it had against MapQuest, via its parent company Sabre, Inc., at all times during the Travelocity Action.

26.     MapQuest has known of the Travelocity Action and the nature of CIVIX's claims against Travelocity, Orbitz and Hotels.com since at least April, 2006. Despite this knowledge, MapQuest did not provide any notice to CIVIX of any belief or claim that CIVIX was in breach of the MapQuest Agreement until its complaint was served on CIVIX in February, 2008.

27.     The issue of whether CIVIX's claims against Travlocity were barred or limited by the MapQuest Agreement was litigated between CIVIX and Travelocity in the Travelocity Action.

28.     On June 18, 2007, the court in the Travelocity Action dismissed all claims between CIVIX and Travelocity with prejudice pursuant to a settlement agreement entered into by the parties.

29.     MapQuest has alleged that Travelocity was a customer of MapQuest's proprietary products and services at all times relevant to the Travelocity Action. Therefore MapQuest shared a direct interest with Travelocity in the determination of Travelocity's rights under the MapQuest Agreement during the Travelocity Action.

30.     MapQuest never sought to join or intervene in the Travelocity Action.

### First Counterclaim:
### Lanham Act Unfair Competition

31.     CIVIX realleges Paragraphs 1-30 of its counterclaims.

32.     MapQuest's false and misleading statements are material and likely to mislead and confuse consumers of geographic search products and to discredit CIVIX in its licensing efforts.

33.     MapQuest's actions have been wilfull, intentional and made in bad faith.

34.     As a direct and proximate result of MapQuest's misconduct, CIVIX has suffered and continued to suffer actual damages including in the form of lost prospective and actual

business, loss of good will and damage to its reputation, and expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF – First Counterclaim

WHEREFORE, CIVIX requests the following relief:

A.    Judgment in favor of CIVIX, including an award of damages sufficient to compensate CIVIX for the harm suffered by MapQuest's acts of unfair competition;

B.    An award to CIVIX of its reasonable costs and attorneys' fees;

C.    Such other and further relief as this Court and/or a jury may deem proper and just.

## Second Counterclaim:
## Tortious Interference With Prospective Economic Advantage

35.    CIVIX realleges Paragraphs 1-30 of its counterclaims.

36.    MapQuest's actions were taken in bad faith with knowledge of CIVIX's advantageous business and prospective economic relations and intended to make actual or potential practitioners of the technology of the CIVIX patents reluctant to engage in business with CIVIX.  This has resulted in CIVIX's licensing efforts being far less profitable than they otherwise would be.

37.    As a direct an proximate result of MapQuest's misconduct, CIVIX has suffered and continued to suffer actual damages including in the form of lost prospective and actual business, loss of good will and damage to its reputation, and expenses in an amount to be determined a trial.

## PRAYER FOR RELIEF – Second Counterclaim

WHEREFORE, CIVIX requests the following relief:

A.    Judgment in favor of CIVIX, including an award of damages sufficient to

compensate CIVIX for the harm suffered by MapQuest's acts of tortuous interference;

B.　　　An award to CIVIX of its reasonable costs and attorneys' fees;

C.　　　Such other and further relief as this Court and/or a jury may deem proper and just.

### Third Counterclaim:
### Breach of Contract

38.　　　CIVIX realleges Paragraphs 1-30 of its counterclaims.

39.　　　CIVIX and MapQuest entered into the MapQuest Agreement on May 3, 1999. The MapQuest Agreement is a valid and binding agreement which is enforceable against MapQuest.

40.　　　The MapQuest Agreement obligated MapQuest to keep the terms of the agreement confidential.

41.　　　On December 11, 2007 MapQuest filed its complaint against CIVIX in the Circuit Court of Cook County Illinois. In the course of pleading and filing its complaint, MapQuest attached the MapQuest Agreement as Exhibits A and B of the complaint.

42.　　　The complaint and exhibits disclose the entire MapQuest Agreement.

43.　　　MapQuest did not file its complaint under seal, nor did it redact any confidential material from the filed version of the complaint, nor did it file the exhibits under seal.

44.　　　By filing the complaint and exhibits in this manner, MapQuest disclosed the entire MapQuest Agreement to the public.

45.　　　MapQuest waited two and a half months, until February 25, 2008, to serve its complaint on CIVIX.

46.　　　MapQuest knew that certain terms of the MapQuest Agreement were confidential and that it owed CIVIX a duty to keep them confidential.

47.　　　MapQuest breached the duty of confidentiality it owed to CIVIX under the

MapQuest Agreement by filing its complaint on the public docket.

48.     CIVIX has been harmed by MapQuest's breach.

## PRAYER FOR RELIEF – Third Counterclaim

A.     WHEREFORE, CIVIX requests the following relief:

B.     Judgment in favor of CIVIX, including an award of damages sufficient to compensate CIVIX for the harm suffered by MapQuest's breach of the MapQuest Agreement;

C.     Such other and further relief as this Court and/or a jury may deem proper and just.

## Fourth Counterclaim:
## Breach of Covenant of Good Faith and Fair Dealing

49.     CIVIX realleges Paragraphs 1-30 of its counterclaims.

50.     CIVIX and MapQuest entered into the MapQuest Agreement on May 3, 1999. The MapQuest Agreement is a valid and binding agreement which is enforceable against MapQuest.

51.     CIVIX has performed its obligations to MapQuest under the MapQuest Agreement.

52.     MapQuest owes CIVIX a duty of good faith and fair dealing with respect to the rights and obligations it obtained from CIVIX under the MapQuest Agreement.

53.     During the VIS Action, MapQuest acted in a manner outside the contemplation of the parties by interfering with CIVIX's ability to litigate its claims against, at least, VIS.

54.     During the Travelocity Action, MapQuest acted in a manner outside the contemplation of the parties by interfering with CIVIX's ability to litigate its claims against, at least, Travelocity.

55.     CIVIX has been harmed by MapQuest's breach of its covenant of good faith and

fair dealing.

## PRAYER FOR RELIEF – Fourth Counterclaim

WHEREFORE, CIVIX requests the following relief:

     A.     Judgment in favor of CIVIX, including an award of damages sufficient to compensate CIVIX for the harm suffered by MapQuest's breach of its covenant of good faith and fair dealing;

     B.     Such other and further relief as this Court and/or a jury may deem proper and just .

## JURY DEMAND

Defendant demands a trial by jury on all issues triable to a jury.

     Respectfully submitted,

     */s/ Gregory P. Casimer*
     Gregory P. Casimer
     NIRO, SCAVONE, HALLER & NIRO
     181 W. Madison St., Suite 4600
     Chicago, Illinois 60602-4515
     Telephone: (312) 236-0733
     Facsimile: (312) 236-1097
     **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND COUNTERCLAIMS OF CIVIX-DDI, LLC** which was filed electronically with the Court through the Electronics Case Filing System on April 25, 2008 will be sent electronically to the following registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

> John A. Leja
> Gary Y. Leung
> McGuire Woods, LLP
> 77 W. Wacker Drive, Suite 4100
> Chicago, IL 60601
> (312) 849-8100
> Fax: (312) 641-2742
> jleja@mcguirewoods.com
>
> ***Attorneys for Plaintiff***
>
>
> */s/ Gregory P. Casimer*