**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MAPQUEST, INC. a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Civil Action No. 08-CV-1732 Hon. Judge David H. Coar |
| CIVIX-DDI, LLC a Colorado corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

## MAPQUEST'S RULE 12(b)(6) MOTION TO DISMISS CIVIX'S COUNTERCLAIMS

Plaintiff MapQuest, Inc. ("MapQuest") hereby moves, in accordance with Fed. R. Civ. P. 12(b)(6), for an order dismissing Defendant CIVIX-DDI LLC's ("CIVIX") counterclaims with prejudice for failure to state a claim. In support of its motion, MapQuest states that:

1. Count I of CIVIX's counterclaims fails to state a claim for unfair competition under § 43(a) of the Lanham Act because: (i) MapQuest's alleged misrepresentations about "geocodes"—which CIVIX concedes do not infringe on its intellectual property—have not and cannot cause CIVIX a competitive injury that is redressable under the Lanham Act; (ii) MapQuest's alleged misrepresentations are not actionable because they relate only to intellectual property rights, which are not "goods or services" within the meaning of § 43(a); (iii) MapQuest's alleged misrepresentations are not actionable because CIVIX has failed to allege that they constitute "commercial advertising or promotion"—*i.e.*, widely disseminated statements to anonymous market participants—within the meaning of § 43(a); (iv) CIVIX lacks standing to pursue a Lanham false advertising action against MapQuest because the parties are

not commercial competitors; and (v) CIVIX has failed to allege MapQuest's alleged "geocode" misrepresentations with the requisite particularity.

2. Count II of CIVIX's counterclaims fails to state a claim for tortious interference with a prospective contractual relationship because: (i) MapQuest's alleged "geocode" misconduct, even if proven, could not have caused CIVIX's claimed damages; and (ii) CIVIX has failed to adequately plead that any third-party actually contemplated entering into a patent licensing agreement with CIVIX.

3. Count III of CIVIX's counterclaims fails to state a claim for breach of the confidentiality provision contained in the parties' contracts because: (i) the material terms of the parties' agreement became public record when the federal district court for the Northern District of Illinois entered its partial summary judgment decisions against CIVIX in *CIVIX-DDI, LLC v. Cellco Partnership*, No. 03 C 3792, 2004 WL 2966928 (N.D.Ill. Dec. 1, 2004) and *CIVIX-DDI, LLC v. National Association of Realtors*, No. 05 C 6869, 2007 WL 178318 (N.D.Ill. Jan. 22, 2007); (ii) the Illinois Rules of Civil Procedure required MapQuest to attach to its Complaint the relevant portions of the written instrument on which its breach of contract claim is based; and (iii) because CIVIX has materially breached the parties' contract by suing MapQuest's customers, CIVIX is not entitled to vindicate any rights that it may have had under that agreement.

4. Count IV of CIVIX counterclaims fails to state a claim for breach of the implied covenant of good faith and fair dealing because Illinois law does not recognize independent actions for breach of the good faith covenant.

5. For these reasons, as well as those set forth in MapQuest's concurrently-filed Memorandum of Law In Support of Its Rule 12(b)(6) Motion To Dismiss CIVIX's

Counterclaims, CIVIX's counterclaims should be dismissed with prejudice.

WHEREFORE, MapQuest respectfully requests that this Court enter an order dismissing all of CIVIX's counterclaims with prejudice in accordance with Fed. R. Civ. P. 12(b)(6); or for any other relief it deems just and appropriate.

Dated:   May 19, 2008                                  MAPQUEST, INC.

                                                       /s/ John A. Leja

John A. Leja (ARDC No. 6256269)           Brian C. Riopelle
Gary Y. Leung (ARDC No. 6277889)          MCGUIREWOODS LLP
MCGUIREWOODS, LLP                         One James Center
77 West Wacker Drive                      901 East Cary Street
Suite 4100                                Richmond, Virginia 23219-4030
Chicago, IL 60601                         804.775.1084
312.849.8100                              804.698.2150 (fax)
312.641.2742 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MAPQUEST'S RULE 12(b)(6) MOTION TO DISMISS CIVIX'S COUNTERCLAIMS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to registered counsel of record as identified on the Notice of Electronic Filing on May 19, 2008:

>Raymond P. Niro (rniro@nshn.com)
>David J. Sheikh (sheikh@nshn.com)
>Gregory P. Casimer (casimer@nshn.com)
>David J. Mahalek (mahalek@nshn.com)
>NIRO, SCAVONE, HALLER & NIRO
>181 W. Madison Street Suite 4600
>Chicago, IL 60602-4635
>312.236.3137 (fax)
>*Attorneys for Defendant CIVIX-DDI, LLC*

>/s/ John A. Leja

4