## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MAPQUEST, INC.<br>a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 08-CV-1732 |
| vs. | ) | |
| | ) | Hon. Judge David H. Coar |
| | ) | |
| CIVIX-DDI, LLC<br>a Colorado corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MAPQUEST'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## RULE 12(b)(6) MOTION TO DISMISS CIVIX'S COUNTERCLAIMS

Brian C. Riopelle
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
804.775.1084
804.698.2150 (fax)

John A. Leja
Gary Y. Leung
McGuireWoods LLP
77 West Wacker Drive Suite 4100
Chicago, Illinois 60601-1815
312.849.8100
312.641.2742 (fax)

May 19, 2008

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 4

    **I.**    **Standard For Dismissal Under Fed. R. Civ. P. 12(b)(6)** ................................. 4

    **II.**    **CIVIX's Count I Fails To State A Claim For Unfair Competition
    Under The Lanham Act** ......................................................................... 5

        A.    Legal Standard For Unfair Competition Under the Lanham Act ............. 5

        B.    MapQuest's Purported False Statements Have Not Caused—And,
        Indeed, They Cannot Cause—Competitive Injury to CIVIX ................... 5

        C.    MapQuest's Purported False Statements Have Not Been Pled With
        the Requisite Particularity .......................................................... 6

        D.    MapQuest's Purported False Statements Are Not Actionable
        Because They Do Not Relate To "Goods or Services" Within the
        Meaning of § 43(a) of the Lanham Act ...................................... 7

        E.    MapQuest's Purported False Statements Are Not Actionable
        Because They Do Not Constitute "Commercial Advertising or
        Promotion" Within the Meaning of § 43(a) of the Lanham Act ............... 8

        F.    CIVIX Has Failed To Plead Facts Sufficient To Prove Its Standing
        To Pursue a False Advertising Claim Against MapQuest Because
        the Parties Are Not Competitors ................................................ 10

    **III.**    **CIVIX's Count II Fails To State A Claim For Tortious Interference** ......... 10

        A.    Legal Standard For Tortious Interference ................................... 10

        B.    MapQuest's Alleged Misconduct Caused No Harm .............................. 11

        C.    CIVIX Fails To Allege Any Reasonable Expectation of Entering
        Into a Licensing Agreement With MapQuest Customers, Given the
        Sublicensing Provision Contained In the 1999 MapQuest-CIVIX
        Agreement ............................................................................ 12

# TABLE OF CONTENTS
(continued)

**Page**

**IV.     CIVIX's Count III Fails To State A Claim For Breach of Contract**............ 13

    A.     MapQuest Did Not Materially Breach Its Confidentiality Obligations Because the 1999 MapQuest-CIVIX Agreement's Material Terms Were Publicly Disclosed By the Court's Summary Judgment Opinions in the *CIVIX v. Nat'l Realtors* Litigation................. 13

    B.     Illinois's Rules of Civil Procedure Require A Contract Plaintiff To Attach To Its Complaint the Written Instrument On Which the Contract Action Is Based ........................................................ 14

    C.     Because It Materially Breached the 1999 MapQuest-CIVIX Agreement, CIVIX Has No Rights Under the Contract .......................... 14

**V.     CIVIX's Count IV Fails To State A Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing** ....................................... 15

    A.     CIVIX Cannot Maintain An Independent Cause of Action For Breach of the Implied Covenant of Good Faith and Fair Dealing........... 15

**CONCLUSION** ................................................................................................ 15

## TABLE OF AUTHORITIES

### FEDERAL CASES

*APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624 (7th Cir. 2002) .............15

*B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578 (7th Cir. 2001).....................6

*Bankers Trust Co. v. Old Republic Insurance Co.*, 959 F.2d 677 (7th Cir. 1992)...............6

*Beane v. Beane*, No. 06-cv-446-SM, 2008 WL 163044 (D.N.H. Jan. 15, 2008) ............7, 8

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ......................................................4

*Carter v. ALK Holdings, Inc.*, 510 F. Supp. 2d 1299 (N.D.Ga. 2007) ...............................7

*Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114 (N.D.Ill. 1995)...11,12,13

*CIVIX-DDI, LLC v. Cellco Partnership*, No. 03 C 3792, 2004 WL 2966928
     (N.D.Ill. Dec. 1, 2004) .......................................................................................... *passim*

*CIVIX-DDI, LLC v. National Association of Realtors*, No. 05 C 6869, 2007 WL
     178318 (N.D.Ill. Jan. 22, 2007) ........................................................................... *passim*

*Conditioned Ocular Enhancement v. Bonaventura*, 458 F. Supp. 2d 704 (N.D.Ill.
     2006) ...............................................................................................................................9

*Digigan, Inc. v. Invalidate, Inc.*, No. 02 Civ. 420(RCC), 2004 WL 203010
     (S.D.N.Y. Feb. 3, 2004)..................................................................................................7, 8

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007) ......................4

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48 (2d Cir.
     2002) ...............................................................................................................................9

*First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800 (7th Cir. 2001) ...........8, 9

*Fisher & Paykel v. LG Electrics, Inc., et al.*, No. 03 C 50146, 2003 WL 21910622
     (N.D.Ill. Aug. 7, 2003)....................................................................................................6

*Gail Green Licensing & Design Ltd. v. Accord, Inc.*, No. 05 C 5303, 2006 WL
     2873202 (N.D.Ill. Oct. 5, 2006)....................................................................................10

*Hall v. National Collegiate Athletic Association*, 985 F. Supp. 782 (N.D.Ill. 1997) ........13

*Hans-Jurgen Laube and Oxidwerk HJL AG v. KM Europa Metal AG*, No. 96 Civ. 8147(PKL), 1998 WL 148427 (S.D.N.Y. Mar. 27, 1998)............................................7

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813 (7th Cir. 1999) .......................................5

*Installation Services, Inc. v. Electronic Research, Inc.* , No. 04 C 6806, 2005 WL 645244 (N.D.Ill. Mar. 21, 2005)...................................................................................9

*Intervisual Communications, Inc. v. Volkert*, 975 F. Supp. 1092 (N.D.Ill. 2007)............12

*ISI International, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731 (7th Cir. 2003) .........................................................................................................................9

*Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427 (7th Cir. 1999) .........................................................................................................................10

*L.S. Heath & Son, Inc. v. AT&T Information System, Inc.*, 9 F.3d 561 (7th Cir. 1993) .......................................................................................................................4, 10

*MPC Containment Systems, Ltd. v. Moreland*, No. 05-C-6973, 2006 WL 2331148 (N.D. Ill.  Aug. 10, 2006).............................................................................................5, 6

*Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996) .........7

*Sanderson v. Culligan International Co.*, 415 F.3d 620 (7th Cir. 2005)............................9

*Sears v. Likens*, 912 F.2d 889 (7th Cir. 1990) ...................................................................6

*Stanfield v. Osborne Industrial, Inc.*, 52 F.3d 867 (10th Cir. 1995).................................10

*Trading Technologies, Inc. v. REFCO Group Ltd.*, 2006 U.S. Dist. LEXIS 14068 (N.D.Ill. Mar. 23, 2006)..............................................................................................15

*Zurich Insurance Co. v. Amcor Sunclipse North America*, 241 F.3d 607 (7th Cir. 2001) ...........................................................................................................................9

## STATE CASES

*Amoco Oil Co. v. Erwin*, 908 P.2d 493 (Colo. 1995) .......................................................11

*Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 667 N.E.2d 1296 (1996) ...........................12

*Decker v. Browning-Ferris Industrial of Colorado, Inc.*, 931 P.2d 436 (Colo. 1997) .........................................................................................................................11

*Goldstein v. Lustig*, 154 Ill. App. 3d 595, 507 N.E.2d 164 (1st Dist. 1987) ...................14

*Henderson-Smith & Associate, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 752 N.E.2d 33 (1st Dist. 2001)..........................................13

*Parkway Bank & Trust Co. v. City of Darien*, 43 Ill. App. 3d 400, 357 N.E.2d 211 (2d Dist. 1976) .....................................................................................11, 13

*Solaia Technology, LLC v. Specialty Publishing Co.*, 357 Ill. App. 3d 1, 826 N.E.2d 1208 (1st Dist. 2005) ............................................................12, 13

*Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 751 N.E.2d 1126 (2001) ..................11

*Western Distributing Co. v. Diodosio*, 841 P.2d 1053 (Colo. 1992) ................................11

### FEDERAL STATUTES

15 U.S.C. § 1125(a) ................................................................................. *passim*

Fed. R. Civ. P. 9(b) ...........................................................................................2, 6, 9

Fed. R. Civ. P. 12(b)(6)............................................................................. *passim*

### STATE STATUTES

735 ILCS 5/2-606 ...........................................................................................14

### TREATISES

1A CALLMAN ON UNFAIR COMPETITION, TRADEMARKS, AND MONOPOLIES, § 5:5 (4th ed.)....................................................................................................7, 8

Plaintiff MapQuest, Inc. ("MapQuest") respectfully submits this memorandum of law in support of its motion to dismiss Defendant CIVIX-DDI LLC's ("CIVIX") Counterclaims in accordance with Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

CIVIX owns certain geographical search technology patents.  After CIVIX sued MapQuest for patent infringement in 1999, the parties executed a license and settlement agreement (the "1999 MapQuest-CIVIX Agreement") granting MapQuest and its customers the right to utilize search technologies which practice the claims of the CIVIX patents.  CIVIX further covenanted that it would not sue MapQuest's customers in connection with the licensed technology.  Notwithstanding this, CIVIX later initiated patent infringement suits against four MapQuest customers based, in part, on their alleged infringement of the same patents (or continuations thereof) that were the subject of the 1999 MapQuest-CIVIX Agreement.

MapQuest sued CIVIX for breach of contract.  CIVIX has responded by filing four counterclaims.  CIVIX's purported causes of action against MapQuest are specious.  The federal district court for the Northern District of Illinois has twice ruled that CIVIX is contractually prohibited from suing MapQuest's customers for infringement of the CIVIX patents.[1]  CIVIX's Lanham Act counterclaims are nothing more than a transparent attempt to manufacture an objectively baseless—but nonetheless costly—impediment to MapQuest's prosecution of its breach of contract claim against CIVIX.  CIVIX's litigation stratagem is not only improper, it is also potentially sanctionable.  CIVIX's counterclaims should be dismissed for their failure to state a claim.

In Count I, CIVIX claims that MapQuest has violated § 43(a) of the Lanham Act because

---

[1] *CIVIX-DDI, LLC v. Cellco Partnership*, No. 03 C 3792, 2004 WL 2966928, at *5-7 (N.D.Ill. Dec. 1, 2004) ("*CIVIX v. Cellco Partnership*"); *CIVIX-DDI, LLC v. Nat'l. Ass'n. of Realtors*, No. 05 C 6869, 2007 WL 178318, at *12-14 (N.D.Ill. Jan. 22, 2007) ("*CIVIX v. Nat'l Ass'n. of Realtors*").

"MapQuest has represented that the use of geocodes supplied by MapQuest confers a license of the CIVIX patents." CIVIX's Lanham Act claims fails for five distinct and separate reasons. First, CIVIX itself concedes that these geocodes do not infringe on, and thus are not covered by, any claim of the CIVIX patents. The geocodes (and any alleged misstatements that concern them) are therefore immaterial to CIVIX's licensing business. CIVIX has not alleged a redressable competitive injury under the Lanham Act. Second, MapQuest's purported geocode misrepresentations to unidentified CIVIX patent infringers do not relate to a "good or service." Misrepresentations regarding the ownership or scope of a party's patent rights are not proscribed by the Lanham Act because intellectual property rights do not satisfy the statute's definition of a "good or service." Third, MapQuest's alleged misstatements do not constitute "commercial advertising or promotion" within the meaning of the Lanham Act. Under controlling circuit court authority, isolated statements to customers—even if false and deceiving—are not actionable under the Lanham Act because "commercial advertising or promotion" is "a form of promotion to anonymous recipients" that is characterized by widespread market dissemination. Fourth, there is no allegation that CIVIX and MapQuest are commercial competitors, because they are not. CIVIX accordingly lacks standing to advance its unfair competition claim. And, finally, CIVIX's Lanham Act count does not pass muster because the asserted misrepresentations that give rise to a Lanham Act false advertising claim must be pled with particularity under Fed. R. Civ. P. 9(b). Because CIVIX's Count I fails to do so, it must be dismissed on this final basis.

CIVIX's Count II, which endeavors to state a claim for tortious interference with a prospective business expectancy, also fails to state a claim. CIVIX's counterclaim makes no effort to dispute the fact that MapQuest's customers hold a sublicense to the CIVIX patents by virtue of the 1999 MapQuest-CIVIX Agreement. Nor does CIVIX's counterclaim articulate how

or why MapQuest's alleged "geocode misstatements" thwarted any legitimate licensing expectation that CIVIX might have otherwise had, when by CIVIX's own admission, MapQuest's geocodes do not infringe on the CIVIX patents. Because CIVIX has not alleged facts establishing that MapQuest's customers actually contemplated obtaining a separate license from CIVIX, CIVIX has not alleged the requisite "reasonable contractual expectancy." Count II should be dismissed.

In Count III, CIVIX asserts a contract claim based on MapQuest's attachment of the 1999 MapQuest-CIVIX Agreement as an exhibit to its filed Complaint. In CIVIX's view, that filing breached the confidentiality clause contained in the subject agreements. CIVIX's theory of contract recovery fails, however, because: (i) this Court's prior decisions in CIVIX's lawsuits against MapQuest's customers publicly disclosed the essential provisions of the 1999 MapQuest-CIVIX Agreement; (ii) Illinois rules of civil procedure required MapQuest to attach to its Complaint the written instrument on which its breach of contract claim is based; and (iii) CIVIX's own (and prior) material breach—violating the sublicense and covenant not-to-sue provisions of the 1999 MapQuest-CIVIX agreement by initiating patent infringement actions against multiple MapQuest customers—precludes CIVIX from asserting rights under the parties' agreement.

Finally, Count IV for breach of the implied covenant of good faith and fair dealing fails to state a claim because Illinois law does not recognize independent causes of action for breach of the good faith covenant.

For this and all of the reasons set forth below, MapQuest respectfully requests that the Court dismiss CIVIX's counterclaims with prejudice.

-3-

## ARGUMENT

### I. STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(B)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must aver "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Rather, the complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*; *see also E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (a complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.").

### II. CIVIX'S COUNT I FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT.

#### A. Legal Standard For Unfair Competition Under the Lanham Act.

Lanham Act "false advertising" actions complain that the defendant has made false representations in "commercial advertising or promotion" about the qualities of "goods or services." *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993) ; 15 U.S.C. § 1125(a)(1)(B). CIVIX's count for unfair competition is apparently premised on § 43(a)'s false advertising prong: "MapQuest's false and misleading statements are material and likely to mislead and confuse consumers of geographic search products and to discredit CIVIX in its licensing efforts." (Counter. at ¶ 32.) CIVIX essentially alleges that MapQuest has materially misrepresented the breadth of the intellectual property rights afforded to MapQuest by virtue of MapQuest's license under the CIVIX patents. (*Id.* at ¶¶ 10-13). To sufficiently state a claim for false advertising, however, CIVIX must allege facts establishing that: (1) MapQuest made a false statement of fact in a "commercial advertisement or promotion" about its own or

-4-

another's "goods or services'; (2) MapQuest's statement "actually deceived or has the tendency to deceive a purchasing decision"; (4) MapQuest caused its false statements to enter interstate commerce; and (5) CIVIX "has been or is likely to be injured as a result of the false statement." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).  CIVIX's counterclaim for unfair competition under the Lanham Act should be dismissed for no less than five reasons.

**B.    MapQuest's Purported False Statements Have Not Caused—And, Indeed, They Cannot Cause—Competitive Injury to CIVIX.**

CIVIX's alleged "geocode misrepresentation" allegations are a red herring.  Even when CIVIX's pleading is liberally construed, CIVIX only pleads allegedly false and misleading statements as to MapQuest's geocodes and whether those geocodes fall within the terms of the 1999 MapQuest-CIVIX Agreement.   (Counter. at ¶¶ 10-12, 32).   According to CIVIX, "infringers have refused to negotiate a license of the CIVIX patents" because "MapQuest has represented that the use of geocodes supplied by MapQuest confers a license of the CIVIX patents, and has encouraged infringers to make such a claim and not pay for a license under the CIVIX patents."  (*Id*. at ¶¶ 12-13.)  CIVIX, however, has effectively pled itself out of court by also conceding that, "[t]he sale or use of a geocode in and of itself would not infringe any claim of the CIVIX patents".  (*Id*. at ¶ 11); *MPC Containment Systems, Ltd. v. Moreland*, No. 05-C-6973, 2006 WL 2331148, at *2 (N.D. Ill. Aug. 10, 2006).

CIVIX's factual admission begs the question why MapQuest's purported representation that its customers have a sublicense from CIVIX to use the geocodes they purchase from MapQuest has any impact on whether MapQuest's customers should obtain a license from CIVIX.  MapQuest is entitled to sublicense to its customers the CIVIX patent technology under the 1999 MapQuest-CIVIX Agreement, (Answer at ¶¶ 6-10, 21, 26); *see also Cellco Partnership*, 2004 WL 2966928, at *5-7; *Nat'l. Ass'n. of Realtors*, 2007 WL 178318, at *12-14,

and CIVIX has not alleged otherwise. As a result, the alleged MapQuest "geocode misrepresentations" are not relevant to CIVIX's claim that it has sustained a competitive injury.

It is incumbent on CIVIX to allege facts showing that it "has been or is likely to be injured" by MapQuest's alleged false statements. *B. Sanfield*, *Inc. v. Finlay Fine Jewelry Corp.*, 258 F.3d 578, 581-82 (7th Cir. 2001). CIVIX has not pled a basis to conclude that it has suffered any actual injury as a result of the alleged "geocode misrepresentations." Because CIVIX can prove no set of facts showing that MapQuest's purported "geocode misstatements" have engendered a competitive harm, Count I should be dismissed with prejudice.

### C.     MapQuest's Purported False Statements Have Not Been Pled With the Requisite Particularity.

Count I also fails to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which, in the context of a Lanham Act false advertising action, requires the claimant to allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992), quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). "Claims alleging false representation under the Lanham Act are subject to Rule 9(b)." *MPC Containment Systems*, 2006 WL 2331148, at *2 (dismissing § 43(a) false advertising action for failure to allege the "when" and "how" of the alleged misrepresentations); *Fisher & Paykel v. LG Elecs.*, *Inc.*, *et al.*, No. 03 C 50146, 2003 WL 21910622, at *1 (N.D.Ill. Aug. 7, 2003) (same). It is self-evident that CIVIX's Count I is deficient under Rule 9(b). CIVIX's allegations only plead the content of the misstatement and the identity of the person allegedly making it. CIVIX's counterclaim fails to sufficiently plead the time, place, and method in which MapQuest's purported geocode misrepresentations were communicated.

**D.     MapQuest's Purported False Statements Are Not Actionable Because They Do Not Relate To "Goods or Services" Within the Meaning of § 43(a) of the Lanham Act.**

CIVIX's unfair competition claim should also be dismissed because § 43(a) of the Lanham Act requires that false endorsement or false advertising claims relate to "goods, services, or commercial activities."  15 U.S.C. § 1125(a).  The statute is not "a panacea for all unfair trade practices."  *Digigan*, *Inc. v. Invalidate*, *Inc.*, No. 02 Civ. 420(RCC), 2004 WL 203010, at * 4 (S.D.N.Y. Feb. 3, 2004).  Crucially, "[a] patent is not a good or service as those terms are used in the Lanham Act."  *Id.* at *5 ("the Federal Circuit has held that a patent is not a 'good or service' under section 43(a) of the Lanham Act"), citing *Pro-Mold & Tool Co. v. Great Lakes Plastics*, *Inc.*, 75 F.3d 1568, 1574-75 (Fed. Cir. 1996).

Allegations that one misleadingly suggests sponsorship or approval of its goods by misrepresenting patent property rights are not sufficient to state a claim for false advertising. *Carter v. ALK Holdings*, *Inc.*, 510 F. Supp. 2d 1299, 1303-04 (N.D.Ga. 2007) (dismissing false advertising claim for failure to state a claim—"because the alleged misrepresentations involve only the pending patent application, and not any product or service, they do not fall within the Lanham Act's proscriptions"); *see also Digigan*, 2004 WL 203010, at * 5 (dismissing false advertising action where "[t]he gravamen of Plaintiff's claim is that Defendants, in marketing their products, falsely state that they owned the patent" held by plaintiff); *Hans-Jurgen Laube and Oxidwerk HJL AG v. KM Europa Metal AG*, No. 96 Civ. 8147(PKL), 1998 WL 148427, at *2 (S.D.N.Y. Mar. 27, 1998) (holding that falsely claiming ownership of an invention embodied in a patent does not violate § 43(a) of the Lanham Act—"the United States Court of Appeals for the Federal Circuit . . . has stated unequivocally that patents are not goods in commerce under § 43(a)"); *Beane v. Beane*, No. 06-cv-446-SM, 2008 WL 163044, at *1 (D.N.H. Jan. 15, 2008) (same); 1A CALLMAN ON UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES, § 5:5 (4th ed.)

(§ 43(a) of the Lanham Act "does not apply to false representations of ownership of intellectual property rights, because it only applies to misrepresentations concerning goods or services").

In *Beane*, for example, the plaintiffs alleged that third-parties had contracted with the defendant for the use of certain press technology. 2008 WL 163044, at *1. As part of that agreement, the defendant allegedly misrepresented that he owned all the intellectual property employed by the press system. *Id*. When the plaintiffs attempted to base a § 43(a) Lanham Act claim on these false statements, their cause of action was dismissed for failure to state a claim. The *Beane* court determined that "Plaintiffs' theory of Lanham Act liability" was "untenable" because "the patent, and not any product or service, [was] at the center of the controversy between the parties" and as a result, their claim did not "allege the necessary connection between the misrepresentations of fact and goods or services." *Id*., at *2, quoting *Diggigan*, 2004 WL 203010, at *5.

Here, as in *Beane*, CIVIX has failed to allege a misrepresentation in connection with the statutory definition of "goods or services." CIVIX only alleges misrepresentations by MapQuest as to CIVIX's intellectual property rights. Under the clear weight of the foregoing authorities, CIVIX's bare contention that "MapQuest has represented that the use of geocodes supplied by MapQuest confers a license of the CIVIX patents" cannot state a claim for unfair competition. (Counter. at ¶ 12.)

        **E.**     **MapQuest's Purported False Statements Are Not Actionable Because They Do Not Constitute "Commercial Advertising or Promotion" Within the Meaning of § 43(a) of the Lanham Act.**

To state a claim for false advertising under the Lanham Act, a claimant must also allege that the defendant's misrepresentations were made through "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). The Lanham Act's definition of "commercial advertising or promotion" is not synonymous with all commercial speech. *See First Health*

-8-

*Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 803-04 (7th Cir. 2001). Instead, "[a]dvertising is a form of promotion to anonymous recipients, as distinguished from face-to-face communication." *Id*. at 803-04. It typically involves the "dissemination of prefabricated promotional material." *Id*. at 804, quoting *Zurich Ins. Co. v. Amcor Sunclipse North America*, 241 F.3d 607, 607 (7th Cir. 2001).

Under this legal framework, a defendant's direct communications to the plaintiff's current or prospective customers do not constitute "commercial advertising or promotion" that is actionable under the Lanham Act, even when those communications falsely claim that the plaintiff lacks any right to license an invention. *See ISI Int'l., Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003); *Conditioned Ocular Enhancement v. Bonaventura*, 458 F. Supp. 2d 704, 709-710 (N.D.Ill. 2006) (same). *See also Sanderson v. Culligan Int'l. Co.*, 415 F.3d 620, 624 (7th Cir. 2005) (finding that three person-to-person communications at trade shows are not "commercial advertising or promotion" regulated by the Lanham Act); *Installation Servs., Inc. v. Electronic Research, Inc.*, No. 04 C 6906, 2005 WL 645244, at *2 (N.D.Ill. Mar. 21, 2005) (acknowledging that "[p]roof of a widespread dissemination within the relevant industry is a normal concomitant of meeting" the "commercial advertising or promotion" requirement), quoting *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002).

CIVIX does not identify with particularity the "infringers" to whom MapQuest communicated its geocode misrepresentations, as required by Fed. R. Civ. P. 9(b). CIVIX also does not plead that MapQuest's misstatements stem from the "widespread dissemination" of advertising material, rather than direct, business-to-business communications. Thus, CIVIX's counterclaim has not alleged that MapQuest's purported misstatements were made with the

requisite element of publicity, and CIVIX's Count I fails to state a claim for this additional reason.

**F.      CIVIX Has Failed To Plead Facts Sufficient To Prove Its Standing To Pursue a False Advertising Claim Against MapQuest Because the Parties Are Not Competitors.**

To have standing to assert a Lanham Act false advertising claim, "a plaintiff must compete with the defendant in the same business." *Gail Green Licensing & Design Ltd. v. Accord*, *Inc.*, No. 05 C 5303, 2006 WL 2873202, at *5 (N.D.Ill. Oct. 5, 2006), citing *L.S. Heath & Son*, *Inc. v. AT&T Info. Sys.*, *Inc.*, 9 F.3d 561, 575 (7th Cir. 1993); *Johnny Blastoff*, *Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 437-39 (7th Cir. 1999). As pled, CIVIX's business is "the licensing and enforcement of the CIVIX patents." (Counter. at ¶ 6). MapQuest, as one of CIVIX's licensees, is a CIVIX "customer". (*Id*. at ¶ 7). CIVIX's counterclaim fails to allege facts demonstrating that it is in competition with MapQuest, and that as a result, MapQuest's conduct has caused it a competitive injury that is redressable by the Lanham Act.

CIVIX's Count I should accordingly be dismissed on one final ground: "the parties are not engaged in the same business, and thus [CIVIX] cannot assert 'a discernable competitive injury.'" *Gail Green*, 2006 WL 2873202, at *5; *see also Stanfield v. Osborne Indus.*, *Inc.*, 52 F.3d 867, 873 (10th Cir. 1995) (holding that the plaintiff inventor of a manufacturing process that he had previously licensed to the defendants lacked standing to bring a § 43(a) false advertising claim against them because the plaintiff "is not now, nor has he ever been, in competition with defendants"). As CIVIX has not alleged the parties are either in competition or engaged in the same business, Count I should be dismissed.

**III.     CIVIX'S COUNT II FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE.**

**A.      Legal Standard For Tortious Interference.**

A complaint adequately pleads a cause of action for tortious interference with prospective

economic advantage if it alleges facts establishing: (1) a "reasonable expectancy" of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy; and (4) resulting damage to the plaintiff. *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 300-01, 751 N.E.2d 1126, 1133-34 (2001). In order to establish the element of "reasonable expectancy," a plaintiff must plead facts showing that "third parties actually *contemplated* entering into a business relationship with the plaintiff." *See Celex Group*, *Inc. v. Executive Gallery*, *Inc.*, 877 F. Supp. 1114, 1125-26 (N.D.Ill. 1995) (emphasis added); *Parkway Bank & Trust Co. v. City of Darien*, 43 Ill. App. 3d 400, 403, 357 N.E.2d 211, 214-15 (2d Dist. 1976) ("the allegations . . . fall far short of pleading a cause of action based on interference with a business relationship between the plaintiff and specific third parties or any clearly identifiable group of third parties contemplating prospective contractual arrangements with the plaintiff.").[2] CIVIX's Count II fails to adequately allege CIVIX's damages and "reasonable expectancy," and should accordingly be dismissed under Fed. R. Civ. P. 12(b)(6).

### B.    MapQuest's Alleged Misconduct Caused No Harm.

It cannot be inferred from the allegations of fact contained in the counterclaim that MapQuest's customers refused to obtain licenses from CIVIX because MapQuest allegedly misrepresented to them that, "the use of geocodes supplied by MapQuest confers a license of the CIVIX patents." (Counter. at ¶ 12.) Because CIVIX concedes that the geocodes do not infringe its patent rights, and because CIVIX does not dispute that the 1999 MapQuest-CIVIX Agreement

---

[2] Because Colorado common law claims for breach of contract, tortious interference, and breach of the implied covenant of good faith and fair dealing are substantially identical to Illinois law, this Court need not conduct a conflict of law analysis. *See, e.g., Amoco Oil Co. v. Erwin*, 908 P.2d 493, 500 (Colo. 1995) (discussing elements of action for tortious interference with prospective economic relations); *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (listing elements of contract claim); *Decker v. Browning-Ferris Indus. of Colorado*, *Inc.*, 931 P.2d 436, 442-44 (Colo. 1997) (declining to create an independent cause of action in tort for breach of the implied covenant of good faith and fair dealing).

vests MapQuest's customers with a sublicense to use technologies which practice the claims of

the CIVIX patents, the requisite element of causation is accordingly absent from Count II.

> **C.    CIVIX Fails To Allege Any Reasonable Expectation of Entering Into a Licensing Agreement With MapQuest Customers, Given the Sublicensing Provision Contained In the 1999 MapQuest-CIVIX Agreement.**

CIVIX has not adequately alleged the existence of a reasonable contractual expectancy

sufficient to state a claim.  In *Celex Group*, the district court explained that:

> In the absence of such a requirement, liability under a theory of tortious interference with prospective business expectancies would be virtually without limit and impossible to calculate.  We are aware of no authority indicating that the Illinois courts construe the expression "valid business expectancy" to encompass all *possible* relationships with *potential* customers regardless of whether such customers even ever contemplated a relationship with the plaintiff.

*Celex Group*, 877 F. Supp. at 1125, n. 19 (emphasis in original).  Thus, it is not sufficient for

CIVIX to allege that its patents claim inventions which are a "major advancement in search

technology," or that many other companies have previously licensed the CIVIX patents.

(Counter. at ¶ 7.)  *See Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408-09, 667 N.E.2d 1296,

1299-1300 (1996) (holding that the plaintiff's allegation that she was the "leading candidate" for

a job amounted to no more than her own subjective belief, and therefore did not sustain her

burden of alleging a reasonable business expectancy); *Intervisual Communications*, *Inc. v.

Volkert*, 975 F. Supp. 1092, 1103 (N.D.Ill. 1997) ("[s]imply offering proof of a past customer

relationship is not sufficient to prove a 'reasonable expectation' of a future business

relationship").[3]  CIVIX is, instead, required to plead facts showing that "third parties actually

---

[3] *See also Solaia Tech.*, *LLC v. Specialty Publishing Co.*, 357 Ill. App. 3d 1, 826 N.E.2d 1208 (1st Dist. 2005), *rev'd in part on other grounds by* 221 Ill. 2d 558, 852 N.E.2d 825 (affirming dismissal of tortious interference action based on purported patent licensing expectancy—"While plaintiffs identified 'numerous companies in the manufacturing industry that . . . *need* a license to practice the '318 patent,' and alleged that they 'sent letters to these companies, notifying them that they are infringing [on] the '318 patent and *offering* license rights under the '318 patent,' these allegations merely indicate plaintiffs' subjective belief of possible prospective licensing arrangements

*contemplated* entering into a business relationship" with it.  *See Celex Group*, *Inc*, 877 F. Supp. at 1125-26 (emphasis added); *Parkway Bank*, 43 Ill. App. 3d 400, 403, 357 N.E.2d 211, 214-15.

CIVIX's counterclaim is devoid of any allegation that specific, identified third-parties actually contemplated a prospective license relationship with CIVIX.  Any implication that MapQuest customers contemplated a license with CIVIX is patently unreasonable, in light of the sublicense that was created in their favor by the 1999 MapQuest-CIVIX Agreement.  *CIVIX v. Cellco Partnership*, No. 03 C 3792, 2004 WL 2966928, at \*7; *CIVIX v. Nat'l. Ass'n. of Realtors*, No. 05 C 6869, 2007 WL 178318.  CIVIX's Count II fails to plead with specificity the existence of a valid business expectancy, and should be dismissed.

**IV.     CIVIX'S COUNT III FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.**

> **A.     MapQuest Did Not Materially Breach Its Confidentiality Obligations Because the 1999 MapQuest-CIVIX Agreement's Material Terms Were Publicly Disclosed By the Court's Summary Judgment Opinions in the *CIVIX v. Nat'l Realtors* Litigation.**

CIVIX's contract claim is predicated on MapQuest's asserted violation of the confidentiality provision contained in the 1999 MapQuest-CIVIX Agreement.  CIVIX must nonetheless allege that MapQuest materially breached the terms of the 1999 MapQuest-CIVIX Agreement.  *See Hall v. National Collegiate Athletic Ass'n*, 985 F. Supp. 782, 797 (N.D.Ill. 1997).

The 1999 MapQuest-CIVIX Agreement's material provisions became public record when the court issued its written decisions in *CIVIX v. Cellco Partnership*, 2004 WL 2966928 and *CIVIX v. Nat'l. Ass'n. of Realtors*, 2007 WL 178318.  Those orders awarded partial summary judgment against CIVIX based on the sublicense and covenant-not-to-sue provisions contained

---

with these companies, rather than show that the third parties actually contemplated entering into licensing agreements with plaintiffs") (emphasis in original) (discussion designated as non-publishable and non-precedential under Ill. Supp. Ct. R. 23).

in the 1999 MapQuest-CIVIX Agreement. *See Cellco Partnership*, 2004 WL 2966928 (quoting language relating to license, right to sublicense, concurrent right of use by MapQuest customers, covenant-not-to-sue, and definitions of "Permitted Uses," "MapQuest Technology," and "CIVIX patents"); *Nat'l. Ass'n. of Realtors*, 2007 WL 178318 (same). It therefore follows that the filing of the 1999 MapQuest-CIVIX Agreement did not materially violate MapQuest's confidentiality obligations.

**B.     Illinois's Rules of Civil Procedure Require A Contract Plaintiff To Attach To Its Complaint the Written Instrument On Which the Contract Action Is Based.**

Second, Illinois law requires a breach of contract claimant to attach to its complaint the written instrument (or relevant portions thereof) on which the contract action is based. 735 ILCS 5/2-606. MapQuest's mere compliance with Illinois's rules of civil procedure cannot give rise to a breach of contract claim.

**C.     Because It Materially Breached the 1999 MapQuest-CIVIX Agreement, CIVIX Has No Rights Under the Contract.**

Finally, "a party who materially breaches a contract cannot take advantage of the terms of the contract which benefit him, nor can he recover damages from the other party to the contract." *Goldstein v. Lustig*, 154 Ill.App.3d 595, 599, 507 N.E.2d 164, 168 (1st Dist. 1987). The federal district court for the Northern District of Illinois has already determined, on two separate occasions, that under the plain terms of the 1999 MapQuest-CIVIX Agreement, MapQuest customers have a license to the CIVIX patents to the extent that their accused activities are "Permitted Uses" of "MapQuest Technology," as defined by the agreement. *Cellco Partnership*, 2004 WL 2966928, at *7; *Nat'l. Ass'n. of Realtors*, 2007 WL 178318, at *13-14. CIVIX's insistence on litigating against MapQuest's customers in defiance of the sublicense provision and its covenant-not-to-sue manifestly establishes CIVIX's material breach of the 1999 MapQuest-

-14-

CIVIX Agreement.  Count III's attempt to enforce contract rights to which CIVIX is no longer

entitled should therefore be dismissed with prejudice.

**V.    CIVIX'S COUNT IV FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

**A.    CIVIX Cannot Maintain An Independent Cause of Action For Breach of the Implied Covenant of Good Faith and Fair Dealing.**

Count IV fails to state a claim because Illinois courts do not recognize independent

causes of action for breach of the good faith covenant. *Trading Techs., Inc. v. REFCO Group

Ltd.*, No. 05 C 1079, 2006 WL 794766, at *3 (N.D.Ill. Mar. 23, 2006) ("no recent Illinois or

Seventh Circuit case has allowed a breach of contract claim to rely solely on the covenant of

good faith and fair dealing"); *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624,

628 (7th Cir. 2002) (refusing to invoke the covenant as anything more than an aid to

construction).

## CONCLUSION

For the foregoing reasons, MapQuest respectfully requests that this Court enter an order

dismissing all of CIVIX's counterclaims with prejudice in accordance with Fed. R. Civ. P.

12(b)(6); or for any other relief it deems just and appropriate.

Dated:  May 19, 2008                              MAPQUEST, INC.

                                                  /s/ John A. Leja

John A. Leja (ARDC No. 6256269)          Brian C. Riopelle
Gary Y. Leung (ARDC No. 6277889)         MCGUIREWOODS LLP
MCGUIREWOODS, LLP                        One James Center
77 West Wacker Drive Ste. 4100           901 East Cary Street
Chicago, IL 60601                        Richmond, Virginia 23219-4030
312.849.8100                             804.775.1084
312.641.2742 (fax)                       804.698.2150 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing **MAPQUEST'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS CIVIX'S COUNTERCLAIMS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to registered counsel of record as identified on the Notice of Electronic Filing on May 19, 2008:

> Raymond P. Niro (rniro@nshn.com)
> David J. Sheikh (sheikh@nshn.com)
> Gregory P. Casimer (casimer@nshn.com)
> David J. Mahalek (mahalek@nshn.com)
> NIRO, SCAVONE, HALLER & NIRO
> 181 W. Madison Street Suite 4600
> Chicago, IL 60602-4635
> 312.236.3137 (fax)
> *Attorneys for Defendant  CIVIX-DDI, LLC*

> /s/ John A. Leja

-16-