### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MAPQUEST, INC. <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CIVIX-DDI, LLC <br> a Colorado corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08-CV-1732 <br> ) <br> ) Hon. Judge David H. Coar <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, John A. Leja, representing Plaintiff MapQuest, Inc. ("MapQuest"), and Gregory P. Casimer, representing Defendant CIVIX-DDI, LLC ("CIVIX"), met on June 23, 2008 pursuant to Rule 26(f) to discuss:

(1)   the nature and basis of their claims and defenses;

(2)   the possibilities for a prompt settlement or resolution of this case;

(3)   to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)   to develop a discovery plan.

To that end, the parties propose the following:

A.   The issues in this case may be simplified by taking the following steps:

1.   MapQuest has moved to dismiss, for failure to state a claim, CIVIX's counterclaims for Lanham Act unfair competition, tortious interference, breach of contract, and breach of the implied covenant of good faith and fair dealing. Should this Court permit any of those counterclaims to proceed past the pleading stage, MapQuest intends to obtain summary

judgment on CIVIX's counterclaims once discovery confirms that they have no basis in fact. MapQuest further intends to seek judgment on its affirmative claims upon developing a record in discovery that will make those causes of action ripe for summary judgment in MapQuest's favor.

    2.    CIVIX intends to seek the dismissal of MapQuest's claims based on res judicata, estoppels, unclean hands, laches, waiver and fraud early in the proceedings.

B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

    1.    The parties propose that all disclosures required by Rule 26(a)(1) shall be made on or before July 18, 2008.

    2.    The parties propose that each side be limited to a total of:

        a.    25 interrogatories;

        b.    30 requests for admission (not including those related to authentication of documents);

        c.    50 requests for the production of documents; and

        d.    10 depositions, with the possibility that additional depositions of third-party witnesses may be required depending upon the discovery responses.

C.    Discovery will be needed on the following subjects:

    1.    MapQuest considers the principal factual issues to be whether CIVIX breached the May 3, 1999 License and May 3, 1999 Settlement Agreement (the "MapQuest Agreement"), whether CIVIX acted in bad faith, and the appropriate measure of MapQuest's damages. MapQuest will seek discovery related to: CIVIX's decision to continue its lawsuit against Travelocity after learning that Travelocity used "MapQuest Technology" within the meaning of the MapQuest Agreement; CIVIX's failure to conduct a reasonable investigation into

whether MapQuest's customers used "MapQuest Technology" before or after filing a patent infringement suit against them; and CIVIX's knowledge that its claims of patent infringement based on MapQuest products and services were barred by the MapQuest Agreement. In addition, MapQuest considers the principal factual issues relating to CIVIX's counterclaims to be whether CIVIX's counterclaims lack merit because MapQuest has never misrepresented the scope of its contractual rights under the MapQuest Agreement to any third-party, including MapQuest's customers.

        2. CIVIX considers the principal factual issues to be whether MapQuest's claims are barred by res judicata, estoppels, laches, waiver and/or fraud because MapQuest has been aware of, and has actively participated in and interfered with CIVIX's patent licensing and enforcement efforts for years before the filing of this suit. For example, MapQuest was aware of, and assisted the defendants in, CIVIX's suits against Verizon and Travelocity, but failed to pursue its claims in those suits. Instead, it let those proceedings go to final judgment through settlements paid by the defendants in those cases. Additional principal factual issues relate to CIVIX's counterclaims for unfair competition and tortious interference with prospective economic advantage. CIVIX has been successful in licensing its patents, collecting over $30 million in royalties from companies like Expedia, Orbitz, Verizon and Microsoft. CIVIX believes MapQuest has intentionally misrepresented the nature and scope of the limited rights it was granted under the CIVIX patent portfolio and the application of these limited rights to products and services provided by MapQuest to third parties, including but not limited to Travelocity, and that those misrepresentations have diminished the amount of royalties CIVIX has received, and will receive, from the licensing and enforcement of its patents, by millions of dollars. CIVIX believes it is entitled to substantial monetary damages based on its

counterclaims. CIVIX hopes to take discovery from MapQuest and third parties on all of the above issues, as well as on MapQuest's contentions.

    D.    Discovery should not be conducted in phases.

    E.    Discovery may be contentious and management of discovery should be referred to the Magistrate Judge.

    F.    The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

    G.    The parties have discussed the possibility of alternative dispute resolution and have concluded that mediation is not warranted at this time.

    H.    The parties have discussed a prompt settlement or other resolution of this matter. MapQuest has made the following demand: MapQuest will agree to a dismissal, with prejudice, of all of its claims and CIVIX's counterclaims in exchange for: (i) a settlement payment of $1.9 million from CIVIX; (ii) a binding declaration by CIVIX that it will voluntarily dismiss all patent infringement claims that it is currently prosecuting to the extent they are based on the manufacture, sale, purchase, or use of MapQuest's products or services; and (iii) a binding declaration by CIVIX that before filing any future lawsuit based on the CIVIX patent portfolio, CIVIX will reasonably investigate whether the potential defendant manufactures, sells, purchases, or uses MapQuest's products or services, and if so, refrain from initiating such litigation to the extent that it would be based on the manufacture, sale, purchase, or use of MapQuest's products or services.

    CIVIX has made the following written demand: CIVIX will agree to a dismissal, with prejudice, of all MapQuest's claims and CIVIX's counterclaims, and a binding statement by MapQuest that it will immediately cease and desist from misrepresenting the nature and scope of

its limited rights under the CIVIX patents or otherwise interfering in CIVIX's ongoing licensing and enforcement efforts.

I. The parties have agreed to produce electronic documents in a consistent electronic format.

July 10, 2008                                            Respectfully submitted,

| CIVIX-DDI LLC | MAPQUEST, INC. |
|---|---|
| /s/ Gregory P. Casimer | /s/ John A. Leja |
| Raymond P. Niro (rniro@nshn.com)<br>David J. Sheikh (sheikh@nshn.com)<br>Gregory P. Casimer (casimer@nshn.com)<br>David J. Mahalek (mahalek@nshn.com)<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison Street Suite 4600<br>Chicago, IL 60602-4635<br>312.236.3137 (fax)<br>*Attorneys for Defendant CIVIX-DDI, LLC* | Brian C. Riopelle<br>MCGUIREWOODS LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219-4030<br>804.775.1084<br>804.698.2150 (fax)<br><br>John A. Leja (ARDC No. 6256269)<br>Gary Y. Leung (ARDC No. 6277889)<br>MCGUIREWOODS, LLP<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL 60601<br>312.849.8100<br>312.641.2742 (fax)<br>*Attorneys for Plaintiff MapQuest, Inc.* |