IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAPQUEST, INC., a Delaware Corporation,    )
      )
    Plaintiff,    )
      )    Civil Action No. 08-CV-1732
    vs.    )
      )    Hon. Judge David H. Coar
      )
CIVIX-DDI, LLC, a Colorado corporation,    )
      )
    Defendant.    )

## AGREED PROTECTIVE ORDER

THIS MATTER, having come before the Court on the parties' Joint Motion for an Agreed Protective Order and the Court being fully advised in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party person, or entity.

2.    Any party or third party that submits to the jurisdiction of this Court for adjudication of production and designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" any non-public material that the producing person believes, in good faith, contains information related to a trade secret, customer lists, non-public intellectual property information, confidential research or any other information subject to a legally protected right to privacy ("Confidential Information"). A protective order is necessary to restrict the disclosure of these materials because it is the parties'

internal policy and practice to maintain the confidentiality of this proprietary information and that confidentiality yields a commercial benefit.

3.    Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "confidential" in a location that makes the designation readily apparent. A designation of Confidential Information reflects a good faith determination by counsel that the material falls within the definition of Confidential Information under the Protective Order.

4.    Deposition testimony may be designated as "confidential," in whole or in part, within thirty (30) days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential. Deposition transcripts so designated and filed with the Court shall be kept under seal. In the event that a party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that transcript shall be treated as if it had been designated confidential. Any request to file Confidential Information under seal must comply with LR 26.2(c).

5.    Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

6.    Confidential Information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. All documents, information, deposition testimony or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

7. CONFIDENTIAL INFORMATION shall be disclosed only to:

   a. The Court and its staff in this case and in any appeal there from;

   b. The jury in this case (if this case goes to trial);

   c. The named parties in this litigation;

   d. Counsel of record for the parties in this case;

   e. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action, including outside photocopying, data processing, or graphic production services employed by the attorneys to assist in this litigation;

   f. In-house counsel for the parties who have primary responsibility for the management of this litigation;

   g. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

   h. Court reporters retained to transcribe testimony;

   i. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing, or whom the Court direct shall have access to such information; and

   j. Any party deponent.

8. The parties or any third party that submits to the jurisdiction of this Court for adjudication of production and designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" any non-public material that the Producing Person believes, in good faith, contains highly sensitive business and commercial information. CONFIDENTIAL - ATTORNEY'S EYES ONLY information shall only be disclosed to:

a.    The Court and its staff in this case and in any appeal there from;

b.    The jury in this case (if this case goes to trial);

c.    Counsel of record for the parties in this case;

d.    Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action, including outside photocopying, data processing, or graphic production services employed by the attorneys to assist in this litigation;

e.    Up to two in-house counsel or case managers for each party who has primary responsibility for the management of this litigation, designated by the parties as Jeff Novak and Danielle Silien for Mapquest and William Semple for Civix;

f.    Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

g.    Court reporters retained to transcribe testimony;

h.    Witnesses during their testimony at a deposition, hearing, or trial, so long as such disclosure is limited to documents that: (1) were produced by the party for whom such witness is employed; (2) show on their face that the witness authored or received them; or (3) memorialize that the witness was privy to the document's contents;

i.    Any other person or entity as to whom counsel for the producer or provider of the CONFIDENTIAL - ATTORNEY'S EYES ONLY agree in writing, or whom the Court direct shall have access to such information.

Counsel of record may render advice to their respective clients and rely generally on their inspection of such documents and/or information; provided, however, that counsel shall not make any specific disclosure of the contents of such documents or information which have been so designated or marked to their client. Counsel of record shall also comply with all other limitations

set forth in this Order concerning **"CONFIDENTIAL"** documents when handling documents marked **"CONFIDENTIAL - ATTORNEY'S EYES ONLY."**

9.      This Agreed Protective Order is directed to pretrial discovery, subject to any further order as this Court may enter regarding confidentiality of "CONFIDENTIAL INFORMATION" and "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information used in a hearing or trial in this action.

10.     Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in Local Rule 26.2 of the United States District Court for the Northern District of Illinois.  If confidential material is submitted as an exhibit or is incorporated in a pleading, brief or other material submitted to the Court, the submitting party shall file with the Clerk of the Court a copy of the pleading or brief with the Confidential Material redacted.  In addition, the submitting party shall file under seal the original pleading or brief without redaction marked "SEALED PURSUANT TO CIVIL L.R. 26.2".

11.     Disclosure of any "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information to persons described in subparagraphs 7(d), 7(e), 7(f), 7(g), 7(i), 8(c), 8(d), 8(e), 8(f), 8(h) and 8(i) of this Order shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation.  Any such person, with the exception of those persons described in paragraphs 7(d), 7(e), 7(f), 8(c), 8(d) and 8(e)  shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, and forward same to opposing counsel.

12.     This Order shall be without prejudice to the right of the parties or other persons to:
(i) bring before the Court at any time the question of whether any particular document or information

is confidential. or whether its use should be confidential, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within five (5) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection, within seven (7) days after the conference, the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall be treated as confidential. In addition, the objecting party shall have the right to apply to the Court, by motion, for a ruling that the material is not covered by this Order. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order. Failure of the designating party to apply for a ruling within seven (7) days of such conference will constitute a removal of the designation of confidentiality for such documents unless this time is extended by mutual consent of the parties. After the expiration of this seven day period, the designating party will retain the right to petition the Court for a ruling that the material should be re-designated confidential such that the Court remains the final authority on the propriety of such designation.

14.     In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible

for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

15.    The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

16.    Upon request of counsel for the Producing Party and within sixty (60) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information must be returned to counsel for the Producing Party or destroyed via a procedure satisfactory to the Producing Party. The obligation to return Confidential Information includes the return of any and all copies of such Confidential Information, including but not limited to those copies in the custody or control of third parties set forth in sub-paragraphs 7(g), 7(i), 8(f), and 8(h) of this Order. The provisions of this Order shall continue to be binding after the conclusion of this lawsuit.

17.    Moreover, in accordance with United States District Court for the Northern District of Illinois' Local Rule 26.2(g), when the case is closed, the Clerk of the Court shall maintain the

documents as restricted documents for a period of sixty-three (63) days following the final disposition including appeals. Except where the Court, in response to a request of a party or on its own motion, orders otherwise, at the end of the sixty-three (63) day period the Clerk shall return the documents submitted to the Court which bear the legend designated in Paragraph 10 above in the sealed enclosure to the attorney or party that filed it.

18.    Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

19.    Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

20.    Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

21.    The terms of this Order shall be binding on the parties and their attorneys.

Dated: July 28, 2008

So Entered _____
Honorable David H. Coar

EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MAPQUEST, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-CV-1732 |
| vs. | ) | |
| | ) | Hon. Judge David H. Coar |
| | ) | |
| CIVIX-DDI, LLC, a Colorado corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREEMENT CONCERNING MATERIAL
## COVERED BY THE AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order

entered in this action dated _____, 2008, which is attached hereto, that he or she

understands the terms thereof, and agrees to be bound by its terms.

By: _____

Dated: _____